384 F.2d 873
 Ray Elbert PARKER, Appellant,
v.
STATE OF MARYLAND, Attorney General of Maryland, Maryland State Board of Education, National Education Association of the United States, Maryland State Teachers' Association and Prince George's County Teachers' Association, Appellees.
 No. 11297.
 United States Court of Appeals Fourth Circuit.
 Argued June 21, 1967.
 Decided October 4, 1967.
 
 Ray Elbert Parker, pro se.
 Alan M. Wilner, Asst. Atty. Gen., Maryland, for appellees State of Maryland, and others and Walter S. Levin, Baltimore, Md., for appellees Maryland State Teachers' Assn. and Prince George's County Teachers' Assn. (Francis B. Burch, Atty. Gen., Maryland, and J. Cookman Boyd, Jr., Baltimore, Md., on brief).
 Hershel Shanks, Washington, D. C., for appellee National Education Assn. of the United States, (William B. Beebe, and Glassie & Molloy, Washington, D. C., on brief).
 Before SOBELOFF, BRYAN and WINTER, Circuit Judges.
 PER CURIAM:
 
 
 1
 This is an appeal from an order of the District Court dismissing plaintiff's complaint, which he denominated one "to review administrative action, for reinstatement, for back pay and damages, for injunction, and for declaratory judgment." He sought $10,000,000 damages, a judgment that the Public School Laws of Maryland providing for probationary or non-tenure teachers are unconstitutional, and an injunction prohibiting defendants from issuing information derogatory to the plaintiff. Named as defendants are the State of Maryland, the Attorney General of Maryland, the Maryland State Board of Education, the National Education Association, the Maryland State Teachers' Association, and the Prince George's County Teachers' Association.
 
 
 2
 The plaintiff, Ray Elbert Parker, a probationary public school teacher of psychology at the Northwestern Senior High School in Prince George's County, had previously brought an action against the County Board of Education, challenging their termination of his contract of employment. Parker v. Bd. of Educ., 237 F.Supp. 222 (D.Md.), aff'd per curiam, 348 F.2d 464 (4th Cir. 1965), cert. denied, 382 U.S. 1030, 86 S.Ct. 653, 15 L.Ed.2d 543 (1966). There, as in the present action, he alleged that on March 15, 1963, he was informed by the principal of Northwestern that a parent had objected to Parker's assigning to his class the book entitled Brave New World by Aldous Huxley, and had demanded that the plaintiff be removed from the school. On March 26, according to plaintiff, he was advised by the principal, in the presence of members of the County Board of Education, that because of the parent's complaint, his contract would be terminated at the conclusion of the school year. The plaintiff requested a statement of the charges and a hearing with opportunity to rebut the charges, but the County Board did not respond.
 
 
 3
 The plaintiff had been employed pursuant to a standard probationary teacher's contract, which provided that either party had the right to terminate the contract at the end of the first or second school year by giving thirty days' notice in writing during the month of June or July.[1] The plaintiff's contract was officially terminated by the County Board of Education on July 2, 1963 without a hearing. The plaintiff's contention in both the prior and the present action is that termination of his contract without a hearing is "arbitrary and capricious and in contravention of his right to free expression under the First Amendment."
 
 
 4
 The issue having once been raised and decided,[2] considerations of res judicata would prevent us from considering these allegations on a second action against the same party. Plaintiff has brought essentially the same suit seeking the same relief[3] but against different defendants: the State of Maryland, the Attorney General of Maryland, the State Board of Education, and three teachers' associations. The County Board of Education is not a defendant here. We need not determine, however, whether to depart from the doctrine of mutuality and hold that regardless of the lack of privity, plaintiff is barred by a plea of res judicata from litigating the same matters in a second suit. The District Court correctly concluded on other grounds that the plaintiff could not maintain his action against any of the present defendants.
 
 
 5
 With respect to the State of Maryland, the District Court found that the complaint made no allegations that plaintiff's rights have been violated by any act of the State, and that even if there were such allegations, suit would clearly be barred by the doctrine of sovereign immunity and by the Eleventh Amendment, citing Hans v. State of Louisiana, 134 U.S. 1, 10 S.Ct. 504, 33 L.Ed. 842 (1890), which read that amendment as barring a suit by a state's own citizens as well as by citizens of another state. Nor were there any allegations of acts undertaken or threatened by the Attorney General of Maryland under the Public School Laws which would affect plaintiff. Cf. Ex parte Young, 209 U.S. 123, 28 S.Ct. 441, 52 L.Ed. 714 (1908), and Greene v. Louisville & Interurban R. R., 244 U.S. 499, 37 S.Ct. 673, 61 L.Ed. 1280 (1917). There were also no allegations of any actions taken by the State Board of Education which have infringed the plaintiff's rights.
 
 
 6
 Additionally, the complaint failed to state a claim against the teachers' associations which would entitle the plaintiff to relief. These organizations are not charged with any affirmative acts, but merely with failure to seek repeal of the Maryland laws providing for probationary status for new teachers or to aid the plaintiff in his dispute with the County School Board.
 
 
 7
 Affirmed.
 
 
 
 Notes:
 
 
 [1]
 If a teacher is suspended or dismissed for cause at any timeduring the school year, that teacher, even if probationary, has the right to a hearing and an appeal to the State Superintendent. Md.Code Art. 77, §§ 64 and 102 (1965 Replacement Vol.); Parker v. Bd. of Educ., 237 F.Supp. 222 (D.Md.1965).
 
 
 [2]
 Parker v. Bd. of Educ., supra. But cf. Johnson v. Branch, 364 F.2d 177 (4th Cir. 1966); Wall v. Stanly County Bd. of Educ., 378 F.2d 275 (4th Cir. 1967), both decided after the firstParker decision.
 
 
 [3]
 In the original action, plaintiff sought $100,000 damages; he now claims $10,000,000