### BRATLEY et al. v. NELSON, Chief of Police, et al.

### Civil Action No. 1665.

District Court, S. D. Florida, Miami Division.

July 11, 1946.

274

Abe Aronovitz, of Miami, Fla., for plaintiff.

J. W. Watson, Jr., and Franklin Parson, City Attys., both of Miami, Fla., for defendants.

DE VANE, District Judge.

This is a suit brought by plaintiffs against the City of Miami and its Chief of Police to have declared void as in violation of the Fourteenth Amendment of the Constitution of the United States a City Ordinance (Ordinance No. 3115), which the City of Miami recently adopted, regulating the keeping of poultry, fowl and grazing animals within the city limits.

Plaintiffs pray for a temporary restraining order enjoining defendants, their employees and agents from arresting or prosecuting plaintiffs, and each of them, for keeping and maintaining poultry pens or houses in violation of said Ordinance; for the convening of a Statutory Court under Section 266 of the Judicial Code, 28 U.S.C.A. § 380, and for an adjudication by such court that said Ordinance is void; and for a permanent injunction restraining defendants, their employees and agents from arresting or prosecuting the plaintiffs, and each of them, for keeping and maintaining poultry pens and houses in violation of said Ordinance.

The matter came on to be heard on application for a temporary restraining order, as prayed, at which time defendants filed a motion to dismiss the complaint upon several grounds enumerated therein. The court reserved its ruling upon the motion to dismiss until after it heard the parties on the motion for a temporary restraining order.

The parties had present in court numerous witnesses which counsel indicated a desire to call and have testify in the case, but upon hearing the opening statements of counsel for plaintiffs and defendants it appeared to the court that there was no dispute as to the facts and at the court's suggestion, counsel for the respective parties entered into a stipulation as to the facts they agreed the court should consider on the application for the temporary restraining order.

The stipulation of facts shows that Ordinance No. 2869 of the City of Miami, regulating the keeping of poultry, fowl and grazing animals within the city limits of the City of Miami, has been in effect for approximately two years; that the Ordinance is designed to protect the health of residents of the City and imposes rigid restrictions upon persons keeping poultry, fowl or grazing animals within the corporate limits, among which is a requirement that poultry, fowl or grazing animal pens or houses shall be situated not less than twenty-five feet from any human dwelling. Ordinance No. 3115 re-enacted the original Ordinance with an amendment providing that no poultry, fowl or grazing animal pens or houses shall be situated less than one hundred feet from any human dwelling and no poultry, fowl or grazing animal will be permitted to run at large. The purpose of the amendment is declared to be for the protection of the health of the residents of the City by the elimination of flies, which are feared to be carriers of the virus of the Polio germ.

The stipulation also shows there are more than thirty-five hundred residents of the City of Miami who keep poultry on their premises, and that Ordinance No. 3115 will make it necessary for substantially more than half of these residents to dispose of their poultry. Plaintiffs are in the latter class. They hold permits from the Dade County Board of Health, as provided by Ordinance No. 2869, to maintain poultry on their premises in accordance with said Ordinance.

The stipulation further shows that plaintiff, Norma Lockwood, has been arrested for violation of Ordinance No. 3115, and

now has pending in the Circuit Court in and for Dade County, Florida, a Petition for Writ of Habeas Corpus in which she attacks the constitutionality of the Ordinance in question, under the State and Federal Constitution, and that plaintiff, J. H. Bratley, is threatened with arrest.

The stipulation also covers other facts not necessary to mention here.

The complaint sets out in some detail the respects in which it is alleged that Ordinance No. 3115 violates the Fourteenth Amendment of the Constitution of the United States and it is upon the ground of its alleged invalidity that plaintiffs seek to have the Ordinance declared unconstitutional and the defendants enjoined from enforcing same.

■■■ The motion to dismiss challenges the jurisdiction of this court to entertain the suit. The court holds that Section 24 (14) of the Judicial Code, 28 U.S.C.A. § 41 (14), vests in this court jurisdiction of suits of this character. Where the equities of the case justify such action, Federal District Courts have jurisdiction to prevent irreparable injury to citizens on a proper showing of a violation of their constitutional rights. The case will not be dismissed on jurisdictional grounds.

Defendants also move to dismiss the case on the ground that the complaint fails to state a case which would warrant this court in granting an injunction, either temporary or permanent, and on the further ground that plaintiffs possess a complete and adequate remedy in the State Courts for a review of their grievances. It is these latter grounds of the motion to dismiss that present to the court the question as to whether the complaint states a case entitling plaintiffs to the relief sought in this court. In determining this question the court will give full consideration, not only to the allegations of the complaint, but to the facts as disclosed in the stipulation entered into between the parties on the hearing upon plaintiffs' motion for a temporary restraining order.

■■■ It is well settled by decisions of the Supreme Court of the United States that even though a District Court has authority to hear and decide a case of this character on its merits, it shall not invoke its powers, unless those who seek its aid have a cause of action in equity, showing such immediate and irreparable injury as to warrant the court in protecting the personal or property rights about to be violated. Douglas v. Jeannette, 319 U.S. 157, 63 S.Ct. 877, 87 L.Ed. 1324. The power of a Court of Equity to act is a discretionary one. Commonwealth of Pennsylvania v. Williams, 294 U.S. 176, 55 S.Ct. 380, 79 L. Ed. 841, 96 A.L.R. 1166. Where a Federal Court of Equity is asked to interfere with the enforcement of State Laws or Municipal Ordinances it ought to do so only "to prevent irreparable injury, which is clear and imminent." Douglas v. Jeannette, supra; Spielman Motor Co. v. Dodge, 295 U.S. 89, 55 S.Ct. 678, 79 L.Ed. 1322; Watson v. Buck, 313 U.S. 387, 61 S.Ct. 962, 85 L.Ed. 1416.

■■■ Congress has adopted the policy of leaving to the courts of the States and Municipalities the trials of criminal violations of State Laws and Municipal Ordinances. Federal Courts of Equity, in the exercise of their sound discretion, conform to that policy by refusing to interfere with proceedings in the State and Municipal Courts, except where unusual circumstances clearly call for equitable relief. It is well settled law that measures taken by State and Municipal officials to enforce State Laws and Municipal Ordinances said to be unconstitutional may be enjoined by Federal Courts only "to prevent irreparable injury" and not merely to avoid that harm which is inseparable from the litigation of the mooted issues, whether in a State or Federal Court. Watson v. Buck, supra; Douglas v. Jeannette, supra, and cases cited.

■■■ It is not enough to show that the injury to plaintiffs is that which is a normal incident to the City's exertion of its authority to enforce its ordinance. The threat of prosecution, which is here alleged, is not sufficient to establish a cause of action in equity. Matthews v. Rodgers, 284 U.S. 521, 52 S.Ct. 217, 76 L.Ed. 447; Spielman Motor Co. v. Dodge, supra. There is no contention here that the City Officials are acting outside their authority

as such; that they are not acting in good faith or that they threaten to make oppressive or malicious use of the legal process of the City. Cf. Gumbel v. Pitkin, 124 U.S. 131, 8 S.Ct. 379, 31 L.Ed. 374. Nor is there any showing that the litigation of the pending controversy in the Federal Court will be any less embarrassing or injurious to the plaintiffs than the litigation of the suit already pending in the State Court. No person is immune from any good-faith prosecution by the City for his unlawful acts. Neither the eminence of the prosecution or incidental injury which may flow from it is a ground for equity relief, since the constitutionality of the ordinance may be ascertained by a proceeding in the State Courts, with appellate review to the Supreme Court of the United States, if necessary, as by a suit in the Federal Courts. Hague v. Committee of Industrial Organizations, 307 U.S. 496, 59 S.Ct. 954, 83 L.Ed. 1423; Railroad Commission v. Pullman Co., 312 U.S. 496, 61 S.Ct. 643, 85 L.Ed. 971; Watson v. Buck, 313 U.S. 387, 61 S.Ct. 962, 85 L.Ed. 1416; Chicago v. Fieldcrest Dairies, Inc., 316 U.S. 168, 62 S.Ct. 986, 86 L.Ed. 1355 and Spector Motor Service, Inc., v. McLaughlin, 323 U.S. 101, 65 S.Ct. 152, 89 L.Ed. 101; and American Federation of Labor v. Watson, 66 S.Ct. 761.

 It is clear from a review of the decisions, above referred to, that this court should withhold any action in the pending case, at least, until the State Courts have passed upon the constitutionality of the Ordinance here under attack. The prayer for a temporary restraining order is denied. Denial of the prayer for the temporary restraining order makes Section 266 of the Judicial Code inoperative in this case, if it is applicable—which it is not. City of Cleveland v. United States, 323 U. S. 329, 65 S.Ct. 280, 89 L.Ed. 274.

The court has the further question of what it should do with this case. In Railroad Commission v. Pullman Co., Chicago v. Fieldcrest Dairies, Inc., Spector Motor Service, Inc., v. McLaughlin, American Federation of Labor v. Watson, supra, the Supreme Court held, and in Wyatt v. City of Miami Beach, D.C., 67 F.Supp. 271 Judge Holland recently held, that the District Court should retain the case on its docket until an authoritative interpretation of the laws by the State Courts could first be obtained. In Buck v. Watson, Douglas v. Jeannette and Hague v. Committee of Industrial Organizations, supra, where similar questions were involved, the Supreme Court directed the District Courts to dismiss the suits. The question is—which procedure should be followed in this case.

 It is the opinion of the court that the legal questions presented in Buck v. Watson, supra, are more clearly like those presented in this case. That case originated in the Northern District of Florida. It was a suit by the American Society of Composers, Authors and Publishers, et al., to enjoin the Attorney General of Florida and all State prosecuting attorneys of Florida from enforcing an Act of the Legislature, which was alleged to be unconstitutional. The Statute carried criminal penalties for its violation and one of the purposes of the suit was to enjoin threatened prosecution for violations of the criminal provisions of the Statute. The Supreme Court held that criminal proceedings to enforce a State Statute, even though it be unconstitutional, would not be enjoined by a Federal Court in the absence of a clear showing of great immediate danger or irreparable loss, and the Supreme Court, in reversing the Lower Court, which had held the Statute unconstitutional, remanded the case to the District Court with directions to dismiss the complaint. The procedure directed in that case will be followed in this case and the complaint will be dismissed, without prejudice to the plaintiffs to again come into this Court, after they have exhausted their remedies in the State Courts, if there still remains a Federal question over which this Court has jurisdiction.