Robert A. McLARTY, La Verne W. Mc-Larty, Julian Monti, Cornelia Monti and Jesse W. Alden, Plaintiffs,

v.

BOROUGH OF RAMSEY, a Municipal Corporation of NEW JERSEY, William F. Halsted, Building Inspector of the Borough of Ramsey, and the Mayor and Council of the Borough of Ramsey, Defendants.

Civ. A. No. 1097–57.

United States District Court
D. New Jersey.

Oct. 9, 1958.

**292**

Emory, Langan, Lamb & Blake, Jersey City, N. J., by James J. Langan, Jersey City, N. J., Robert A. McLarty, New York City, pro se and of counsel, for plaintiffs.

James M. Muth, Ramsey, N. J., for defendants.

WORTENDYKE, District Judge.

In this action, brought under the Declaratory Judgment Act, 28 U.S.C. § 2201 (1952), plaintiffs, owners of real estate in the defendant Borough, seek a declaration that a zoning ordinance, originally adopted by the Borough's governing body in 1936 and several times subsequently amended, deprives the plaintiffs of property without due process of law contrary to the provisions of the Fourteenth Amendment to the United States Constitution. The plaintiffs further seek to enjoin the defendant Borough from enforcing this ordinance as it applies to the plaintiffs' properties. This opinion is evoked by counter-motions for summary judgment on the first two counts of the complaint.

Plaintiffs' properties front upon the easterly side line of Franklin Turnpike in the defendant Borough. For a depth of 150 feet easterly from the center line of Franklin Turnpike, plaintiffs' properties lie within a "C–2" Commercial District as prescribed and delineated by and upon the zoning ordinance and map. The remaining portions of the plaintiffs' properties, comprising over 80% of their

areas, lie within an adjoining residential district. Plaintiffs contend that so much of their properties as is included within the "C–2" zone may not be devoted to enumerated commercial uses permitted under the ordinance for that zone (and for which plaintiffs assert their properties are peculiarly suitable) because only the front 150 feet in depth lie in that "C–2" zone. Plaintiffs further contend that certain use requirements in the zoning ordinance pertaining to "C–2" zones prohibit the commercial development of their properties. By reason of the depth restriction and the use requirements set forth in the ordinance the plaintiffs claim they are deprived of the availability of their properties for the commercial uses permitted within a "C–2" zone, which would be available if the zone boundary were declared void by this Court and the defendant Borough restrained from enforcing such restrictions and use requirements.

The zoning ordinance complained of herein included provisions creating a Board of Adjustment. Borough of Ramsey, Zoning Ordinance 204 § 16 (1936), as amended by Ordinance 344 (1955). [Hereafter "Ordinance".] This Board was given expressed powers under the Ordinance together with those granted to it by the statutes of the State of New Jersey.

Plaintiffs do not plead, nor has any evidence been produced before me, that the Ordinance was not duly and regularly adopted, or that the plaintiffs or their predecessors in title were deprived, during the adoptive proceedings, of their statutory or constitutional rights to be heard respecting the provisions of the Ordinance, especially those defining the boundary lines of the zones created under it. There is also an absence of any showing that the plaintiffs or their predecessors in title objected to or invoked any of the statutory means available for review of the provisions of the Ordinance, or of any of the amendments or supplements thereto.

Plaintiffs conceded, in the course of oral argument upon the present motions,

that no application had been made to or was pending before the Building Committee of the Borough for a permit to construct a building upon any of their properties for any use authorized by the Ordinance. No action has been taken by the plaintiffs before the Board of Adjustment with relation to their properties within this "C–2" district boundary line. There is no allegation or proof before me that the plaintiffs have made or received any offer for sale of the properties for a use of which they claim they are deprived.

This Court is authorized by the Declaratory Judgment Act, supra, to "declare the rights and other legal relations of any interested party seeking such declaration" where such case presents an "actual controversy within [the Court's] jurisdiction." Jurisdiction herein is claimed under 28 U.S.C. § 1331 (1952), because the matter in controversy exceeds $3,000, exclusive of interest and costs, and arises under Section 1 of the Fourteenth Amendment to the Constitution of the United States, in that the zoning ordinance of the defendant Borough violates the property rights guaranteed to the owners by the Fourteenth Amendment.

We therefore must decide whether this case presents an "actual controversy" before the Court can exercise jurisdiction over the subject matter. Whether a controversy exists is to be determined by the decisions of the Federal courts. It is also clear that the provisions of the Act are procedural in nature and neither create any new substantive rights nor enlarge the jurisdiction of the Court. Chicago Pneumatic Tool Co. v. Ziegler, 3 Cir., 151 F.2d 784.

The Supreme Court, in Aetna Life Insurance Co. v. Haworth, 300 U.S. 227, 57 S.Ct. 461, 464, 81 L.Ed. 617, has defined the term "controversy" as used in this Act as that which is "appropriate for judicial determination." It "must be definite and concrete, touching the legal relations of parties having adverse legal interests * * *" and "a real and substantial

controversy admitting of specific relief through a decree of a conclusive character, as distinguished from an opinion advising what the law would be upon a hypothetical state of facts." 300 U.S. at pages 240–241, 57 S.Ct. at page 464. This Court also is bound not to express its opinion upon the constitutionality of any legislative act except as presented to it in an actual controversy arising from adverse claims of litigants. Muskrat v. United States, 219 U.S. 346, 31 S. Ct. 250, 55 L.Ed. 246. The Court there stated:

> "The right to declare a law unconstitutional arises because an act of Congress relied upon by one or the other of such parties in determining their rights is in conflict with the fundamental law. The exercise of this, the most important and delicate duty of this court, is not given to it as a body with revisory power over the action of Congress, but because the rights of the litigants in justiciable controversies require the court to choose between the fundamental law and a law purporting to be enacted within constitutional authority, but in fact beyond the power delegated to the legislative branch of the government." 219 U.S. at page 361, 31 S.Ct. at page 255.

The rule of the Muskrat case is equally applicable to a claim that a municipal ordinance is violative of constitutional mandate. See Tower Realty, Inc., v. City of East Detroit, 6 Cir., 196 F.2d 710, 717–718.

A case strikingly similar to the case at bar is West v. Bank of Commerce & Trusts, 4 Cir., 153 F.2d 566, 174 A.L.R. 848. The Court in the West case reversed the declaratory judgment of the District Court, which undertook to state the meaning of a former judgment of the District Court relating to the use of property under a municipal zoning ordinance, for the reason that the case did not present an "actual controversy" within the meaning of the Declaratory Judgment Act. A zoning ordinance of Richmond, Virginia, in its application to

a portion of a lot of land belonging to the plaintiffs had been declared unconstitutional by the district court earlier as an unreasonable and arbitrary exercise of the city's police power. This judgment of the Court in 1942 had further enjoined the city from enforcing the zoning ordinance against the plaintiffs "insofar as it denied them the right to use the southern half of the lot in such manner as is permitted in a B–1 business district in the zoning ordinance." After this judgment was entered, but prior to the institution of the declaratory judgment suit in 1945, the city had adopted a new general zoning ordinance in 1943. The 1943 ordinance forbade the use of the southern half of the lot for a gas station which had been permitted by the court under the 1942 injunction. The plaintiffs therefore sought by means of a declaratory judgment to have the Court adjudge that the effect of the 1942 judgment was to allow plaintiffs and their successors in title to use the property for a gasoline station and certain other uses, and that the city could not constitutionally enact any ordinance after the 1942 injunction which would take away any of the property rights of the plaintiffs established by the prior judgment. In support of the conclusion by the Court of Appeals in West, that the case did not present an "actual controversy" within the meaning of the Federal Declaratory Judgment Act, it found that the plaintiffs failed to show a definite present intention on their part to use the lot for any purpose forbidden by the city ordinances, and that they failed to allege that they desired or were about to use the property for a gasoline station or other business purpose. Id. at page 568. The Court further pointed out that "the discussions at the conferences before [it] failed to develop a definite, concrete conflict of a justiciable character." Upon these findings it was concluded that the plaintiffs were simply seeking an advisory opinion from the Court "that if and when the opportunity offered they would be free to use or sell the lot for the indicated purpose." Ibid. Citing Aetna Life Insur-

ance Co. v. Haworth, supra, and Maryland Casualty Co. v. Pacific Coal & Oil Co., 312 U.S. 270, 61 S.Ct. 510, 85 L.Ed. 826, the Court thereupon held that what the plaintiffs therein were attempting to do could not be done under the Declaratory Judgment Act as the case did not present a definite and immediate controversy for which the Act was designed.

The similarity of the efforts being made by the plaintiffs in the case at bar to those disapproved by the Court in the West case is striking. The plaintiffs herein are likewise seeking an advisory opinion from the Court. In essence they desire to know whether, if and when the opportunity offers itself, they will be free to use or sell their lots for the purposes permitted in the "C–2" zone, which purposes are allegedly precluded by the location of the present "C–2" zone boundary line. The advisory opinion here sought is not an interpretation of the Court's prior judgment, as in West, but a declaration *in vacuo* of the constitutional invalidity of a municipal ordinance, authorized by a State Constitution and by a State statute. To the expression of such an opinion the Federal District Courts have ever been averse. Muskrat v. United States, supra. In passing, it is interesting to note the later phase of the West litigation (167 F.2d 664). The property owners had removed the objection that the original suit was not an "actual controversy" by showing they had contracted to sell the premises for a gas station and further had been refused a building permit by the City's Commissioner of Buildings for such station. The District Court entered a declaratory judgment again for the plaintiff property owners. The Court of Appeals expressed itself respecting the constitutional issue as follows:

"The court below did not pass upon the constitutionality of the ordinance of 1943 and we do not undertake to decide it now, but merely reverse the judgment below [enjoining the enforcement of the zoning ordinance] and remand the case

for such further proceedings as the parties may desire to take. We hold only that the ordinance of 1943 must be given effect unless it shall be found to be invalid and that the question of invalidity should not be considered by the District Court until the property owners may have exhausted such administrative remedies as may be available to them." West v. Bank of Commerce & Trusts, 4 Cir., 167 F.2d 664, 667.

The present defendant Borough is given authority to adopt zoning ordinances by N.J.S.A.Const. (1947) Art. 4, § 6, Par. 2, and by the legislation enacted pursuant to such constitutional delegation, N.J.S.A. 40:55–30. Fischer v. Township of Bedminster, 11 N.J. 194, 93 A.2d 378. Such authority is clearly within the police power of a State. Euclid, Ohio, v. Ambler Realty Co., 272 U.S. 365, 47 S.Ct. 114, 71 L.Ed. 303. The New Jersey Legislature required the municipal governing body to provide for the appointment of a Board of Adjustment. N.J.S.A. 40:55–36. It further provided, in enumerating the powers which such Boards of Adjustment may exercise, that where "the strict application of any regulation enacted under the act" would result in a hardship to the property owner, a variance could be granted to relieve such hardship, N.J.S.A. 40:55–39, subd. c; and that "in particular cases and for special reasons" the Board could recommend to the municipal governing body a variance to allow a structure or use in a zone which prohibits such structure or use and, if the municipal governing body approves, the structure or use can be permitted. N.J.S.A. 40:55–39, subd. d. Nowhere in the record before me is any showing that the plaintiffs, in view of the hardships of which they complain, have invoked the ameliorative powers of the Board of Adjustment. Such statutory procedure constitutes ample due process.

From such action as the Board of Adjustment in certain cases, or the municipal governing body upon recommendation of the Board in other cases, may take or refuse to take, there remain, of course, the present New Jersey equivalents of the former writs of certiorari and mandamus, by means of which any impropriety in the action or inaction of either of the statutory bodies may be reviewed in the State courts. New Jersey Civil Practice Rule 4:88. It does not appear in this case that the plaintiffs have availed themselves of any of the procedures open to them short of their application to this Court.

■■ The Court is also mindful of the admonition that before a Federal court adjudicates the constitutionality of a municipal ordinance by means of a declaratory judgment, it should, in the sound exercise of its discretion, await the prior determination of that issue by the State court immediately involved. Tower Realty, Inc., v. City of East Detroit, 6 Cir., 196 F.2d 710; cf. East Coast Lumber Terminal v. Town of Babylon, 2 Cir., 174 F.2d 106. Indeed, it is the duty of the Federal courts to *avoid* the unnecessary decision of constitutional questions. Alabama State Federation of Labor v. McAdory, 325 U.S. 450, 65 S.Ct. 1384, 89 L.Ed. 1725. The Supreme Court set this course in Railroad Commission v. Pullman Co., 312 U.S. 496, 61 S.Ct. 643, 85 L.Ed. 971, and reaffirmed this view with regard to suits requesting declaratory judgments in City of Chicago v. Fieldcrest Dairies, Inc., 316 U.S. 168, 62 S.Ct. 986, 86 L.Ed. 1355.

■ However, the existence of a justiciable controversy, which is essential to the plaintiffs' right to a remedy under the Declaratory Judgment Act, has not been shown in this case. Furthermore, the Ordinance is authorized by the New Jersey Constitution and the New Jersey Zoning Law. The plaintiffs have their remedies in the statutory and judicial tribunals provided under the laws of that State. Those tribunals are presumed to be effective and competent to adjudicate the constitutional question here presented if the question is reached by them. This Court will not prejudge that question until those remedies have been exhausted. City of Chicago v. Fieldcrest Dairies, Inc., supra.

This Court is required to raise the question of its jurisdiction *sua sponte* whenever it comes to its attention. Underwood v. Maloney, 3 Cir., 256 F.2d 334; Page v. Wright, 7 Cir., 116 F.2d 449; cf. McNutt v. General Motors Acceptance Corp., 298 U.S. 178, 56 S.Ct. 780, 80 L. Ed. 1135. Because no justiciable controversy is disclosed here, and because the Court finds that it should withhold jurisdiction, the complaint must be dismissed. Alabama State Federation of Labor v. McAdory, supra; Aralac, Inc., v. Hat Corp., 3 Cir., 166 F.2d 286; Bratley v. Nelson, D.C.S.D.Fla., 67 F.Supp. 272.

Plaintiffs have consented to dismissal of the third, fourth and fifth counts of the amended complaint.

The motion of defendants for summary judgment upon the first and second counts is granted, and that of the plaintiffs is denied, with costs to the defendants. An order may be submitted in conformity with the foregoing views.