Willie Mae **DAILEY** and Columbia Square, Inc., Plaintiffs,

v.

**CITY OF LAWTON, OKLAHOMA,** a Municipal Corporation, James Knox, City Clerk, Jim Sauerman, Building Inspector, Earl McKinzie, Sam Crutcher, Jr., and Buena Hoga, all of the City of Lawton, Oklahoma, Defendants.

No. Civ. 67–471.

United States District Court
W. D. Oklahoma.
Feb. 14, 1969.

Rhoads, Ashton, Johnson & Schacher, by Githen K. Rhoads, Lawton, Okl., for plaintiffs.

Manville Redman, Lawton, Okl., for the City of Lawton.

C. William Stratton, Lawton, Okl., for intervening defendants.

FINDINGS OF FACT

BOHANON, District Judge.

1. The Court finds it has jurisdiction in this case under the Civil Rights Act, Title 42, Section 1983, and Title 28, Sec-

tion 1343 United States Code Annotated, and the United States Constitution, Amendment 14, Section 1.

2. The plaintiff, Willie Mae Dailey, a Negro person living and residing in the City of Lawton, Oklahoma, is a proper party plaintiff as representative of the class of persons who are, or may become, prospective beneficiaries of the proposed housing units which plaintiff, Columbia Square, Inc., seeks to build, under and by virtue of the Acts of Congress of the United States providing for and authorizing the construction of housing projects and providing for a rent supplement program for low income and needy families.

3. The Catholic Diocese of Oklahoma City and Tulsa, the Blessed Sacrament Church of Lawton, Oklahoma, and Columbia Square, Inc., are engaged in a common activity under the auspices of the Catholic Church, and have as their motivation in this case to help provide needy and low income families with decent and adequate housing under the rent supplement laws providing for such housing by the United States Congress.

4. The property involved in this case is Block Twenty-six (26) North Addition to the City of Lawton, Oklahoma, which is a part of the South Half of Section 30, Township 2 North, Range 11 West, of the Indian Meridian, located in the City of Lawton, Comanche County, Oklahoma, and comprising approximately 320 acres. The City of Lawton, Oklahoma, was the original patentee of Block Twenty-six (26), North Addition, which the City of Lawton conveyed in 1953 to the Lawton Independent School District by quit claim deed, and in 1954 the Lawton Independent School District, having ceased to use Block Twenty-six (26) for school purposes, offered it for sale on the general market, resulting in a sale of the property to the Catholic Diocese of Oklahoma City and Tulsa for a price of $65,000.00. The Deed of Conveyance from the City of Lawton to the Catholic Diocese of Oklahoma City and Tulsa contains no reservations or restrictions.

5. When Block Twenty-six (26) North Addition was conveyed to the Catholic Diocese of Oklahoma City and Tulsa, the zoning ordinance in effect and covering this property permitted high density apartment use and was designated as (R–4) zoning, as was all of the other property, with minor exceptions, in the 320 acres which comprises North Addition. (See plaintiff's Exhibit 2, a map of the Addition)

6. Block Twenty-six (26) North Addition was used for many years as a school by the Lawton Independent School District, and when the School District had no further use for the property, it conveyed the same as hereinabove noted and it was thereafter used by the Catholic Diocese of Oklahoma City and Tulsa for school purposes, but later that Diocese had no further use for the same for school purposes and permitted said property to be used, without objection, by certain organizations in the City of Lawton such as Boy Scouts, Girl Scouts and other civic minded organizations.

7. It was determined by the Catholic Diocese of Oklahoma City and Tulsa, the owner, to use the property for the purposes of erecting a low-rent housing project under the rent supplement program authorized by the United States Congress to furnish decent and adequate housing for low income families who could not otherwise afford the same.

8. In 1964 the City of Lawton enacted a new zoning ordinance and re-classified the property here in question as "PF" (public facilities designation). A public facilities zoning is one used for a classification of property to be used by governmental and government subdivision agencies of land owned and held by these units of government.

9. At no time was the plaintiff in this case or his predecessor in interest, the Catholic Diocese of Oklahoma City and Tulsa, a governmental unit of the City of Lawton or a government agent or division of the City of Lawton, al-

though it did operate a parochial school on this property.

10. In May of 1967, plaintiff, Columbia Square, Inc., though a de facto corporation not officially incorporated, upon inquiry was advised by the authorities of the City of Lawton that the property could not be used for the purposes for which plaintiff wanted to use it; that is, to construct a multiple-unit apartment complex because the property had a "PF" zoning, and before a building permit could be issued, it would be necessary to change the zoning classification to a high-density apartment district (R–4). After this advice and acting thereupon and on May 19, 1967, an application or request was made to the Lawton Metropolitan Area Planning Commission for a change in the zoning ordinance from "PF" to "R–4" zoning, the same classification, with minor exceptions, for all of the surrounding area. (See plaintiff's Exhibit 2). At a meeting of the Planning Commission held May 22, 1967, this request for a zoning change was discussed and the matter was continued for further consideration, when on June 13, 1967, the request for re-zoning was denied. Upon an appeal to the Lawton City Council, it refused to re-consider the action of the Metropolitan Area Planning Commission.

11. The plaintiff has done and performed all of the acts prerequisite to the building of the housing facility projected by it and has presented preliminary plans and specifications as provided by the City of Lawton necessary to procure the issuance of a building permit for the structures contemplated including such specifications as to meet all of the requirements of the Lawton Building Code, the Fire Code and other building regulations of the City.

12. The evidence shows that a building permit has been refused because of the existing zoning ordinance of the City of Lawton referred to above.

13. The Court finds that Columbia Square, Inc., one of the plaintiffs herein, is the undisputed owner of the legal and equitable title to the property herein involved; that is, Block Twenty-six (26) North Addition to the City of Lawton.

14. Upon learning of the application to re-zone the property in question for the purposes herein mentioned, one or more residents of North Addition did, at the instance of the intervenors and others unknown to the Court, solicit residents of the North Addition to the City of Lawton to organize and sign petitions to oppose the changed zoning and to thereby defeat the project proposed by the plaintiff. The evidence shows that all of those who opposed the re-zoning of the property and who signed the petition opposing the same were Caucasians, or people of the White Race, and none were Negroes or persons of other minority groups. Approximately 250 or more of these people signed the petitions objecting to the re-zoning and attended the meetings of the Lawton Area Metropolitan Planning Commission, and thereafter the Lawton City Council to oppose the re-zoning request. The Court further finds that no other person in the entire area, owning property therein, has his property zoned, with minor exceptions, except as R–4 zoning, a zoning classification which plaintiff seeks in order that its property in North Addition could be used for the purposes for which plaintiff intends to use its property.

15. The present and existing zoning ordinance of the City of Lawton has the ultimate effect of denying the plaintiff the use of its property.

16. Taking all of the facts into consideration and realizing that most persons will not admit publicly that they entertain any bias or prejudice against members of the Negro Race or other minority races, the Court finds, nevertheless, that the denial of the change in the City ordinances of the Metropolitan Area Planning Commission and the City Council of the City of Lawton and the other defendants in refusing to re-zone the property in question and to grant the building permit sought, is a direct result of the bias and prejudice on the part of the owners of other property in North Addition, which feeling carried

over to the Metropolitan Area Planning Commission members and the members of the City Council of the City of Lawton. The Court further finds that the motivation for denying the change in re-zoning and the denial of the issuance of the building permit was to keep a large concentration of Negroes and other minority groups from living in North Addition to the City of Lawton and the fear of the property owners of North Addition that the building of such project as proposed by the plaintiff would bring about a depreciation in the property values in the district.

17. The Court finds by clear and convincing evidence that the City of Lawton, Oklahoma, a municipal corporation, through the Metropolitan Area Planning Commission and its members, and the City Council of the City of Lawton, and its members, James Knox, City Clerk, Jim Sauerman, Building Inspector, Earl McKinzie, Sam Crutcher, Jr., and Buena Hoga, defendants, acted arbitrarily and unreasonably in refusing to re-zone the property and to issue the building permit requested.

### CONCLUSIONS OF LAW

1. The City of Lawton, through the Lawton Metropolitan Area Planning Commission and the members thereof, the City Council of the City of Lawton and the members thereof, James Knox, City Clerk, Jim Sauerman, Building Inspector, Earl McKinzie, Sam Crutcher, Jr., and Buena Hoga so acted as to deprive the plaintiffs of their rights, privileges and immunities secured by the Constitution and laws of the United States.

2. The actions of the defendants were, and are, arbitrary, void and unconstitutional.

3. The actions of the named defendants and their agents, servants and employees amounts to, and is, an unfair and unreasonable zoning classification for the property involved in this case.

4. The defendants' refusal to re-zone the property as requested by the plaintiff and/or to grant a building permit as requested by the plaintiff constitutes an effective taking of plaintiff's property without just compensation in violation of the Fifth Amendment.

5. A mandatory injunction should, and will issue ordering the defendants and all persons acting under them from continuing to refuse to issue a building permit requested by the plaintiff for building a multiple housing project on Block Twenty-six (26) North Addition to the City of Lawton, Oklahoma, subject, however, to the requirements of the laws or ordinances of the City of Lawton, with respect to building and safety requirements and, likewise, the laws and regulations of the United States of America, State of Oklahoma and the County of Comanche; and the said defendants are enjoined from interfering with or obstructing issuance of such building permit and the construction of said project.