Willie Mae **DAILEY** and Columbia
Square, Inc., Plaintiffs-Appellees,

v.

**CITY OF LAWTON, OKLAHOMA**, a Mu-
nicipal Corporation, James Knox, City
Clerk, and Jim Sauerman, Building In-
spector, all of the City of Lawton, Okla-
homa, Defendants-Appellants.

No. 291–69.

United States Court of Appeals,
Tenth Circuit.

May 1, 1970.

Richard F. Bellman, New York City
(Githen K. Rhoads, Lawton, Okl., and
Sol Rabkin, New York City, on the
brief), for plaintiffs-appellees.

Newcombe, Redman & Doolin, Lawton,
Okl., submitted on brief for defendants-
appellants.

Before LEWIS, Chief Judge, and BREITENSTEIN and SETH, Circuit Judges.

BREITENSTEIN, Circuit Judge.

Columbia Square, Inc., plaintiff-appellee, proposed to construct a privately sponsored low-income housing project in a predominately white residential section of Lawton, Oklahoma. Plaintiff-appellee Willie Mae Dailey is a Negro and a potential renter of project space. The defendants-appellants, the City of Lawton and some of its employees, refused to issue a building permit without a zone change. Columbia Square's request for a zone change was denied. This action was then brought under 28 U.S.C. § 1343 and 42 U.S.C. § 1983. The district court enjoined the appellants from denying the building permit on the ground of a zoning violation. Dailey v. City of Lawton, W.D.Okl., 296 F.Supp. 266. We affirm.

We are concerned with Block 26 in the North Addition to Lawton. The Block was patented to the City for school purposes and was so used until about 1954. In 1962 the School District, which had acquired the land from the City, conveyed it to the Catholic Bishop. The Church used the premises for a parochial school until 1966. The Church then decided to use the property for a low-income housing project and arranged for the formation of Columbia Square, Inc., a non-profit corporation which would manage the project under the federal rent supplement program, 12 U.S.C. § 1701s.

The record does not show any zoning restriction on Block 26, at the time of its acquisition by the Bishop, which would prevent its use for the proposed project. In 1964 a new zoning ordinance was passed and the Block was classified as PF, a designation for public facilities. At the time the land was owned by the Church and not by any public agency. The area surrounding Block 26 and about three-fourths of the North Addition was zoned R-4, high density residential, in the 1964 ordinance. Most of the area around the Block consisted of single dwellings in some of which rooms were rented.

City officials told representatives of Columbia Square that a building permit would not be issued for the project without a change of the zone to R-4. Columbia Square then applied to the Lawton Metropolitan Area Planning Commission for the required zone change. Certain residents of the North Addition circulated petitions opposing the change and obtained the signatures of about 250 people, all of them white. The Planning Commission denied the application. Columbia Square then unsuccessfully appealed to the Lawton City Council.

The district court held that the actions of the Planning Commission and the City Council were racially motivated, arbitrary, and unreasonable. The judgment enjoined the City and its employees from refusing to issue a building permit for the project under an R-4 authorization. 296 F.Supp. at 269.

The City argues that the action may not be maintained against it because it is not a person within the purview of 42 U.S.C. § 1983. It relies on Monroe v. Pape, 365 U.S. 167, 81 S.Ct. 473, 5 L.Ed.2d 492, and Egan v. City of Aurora, 365 U.S. 514, 81 S.Ct. 684, 5 L.Ed.2d 741, and like cases which hold that a municipality is not a person within the meaning of § 1983 when the suit is one to recover damages. The instant action seeks equitable relief, not damages. The City insists that if it is not a person covered by § 1983 in damage actions, it is not such a person with respect to actions for injunctive relief. The argument finds some support in footnote 50 to the Monroe opinion, 365 U.S. 167, 191, 81 S.Ct. 473, n. 50. We read that footnote as differentiating between actions for damages and actions for equitable relief and as intending no bar to equitable actions for injunctive relief against invasions of a plaintiff's federal constitutional rights by municipal action. This view is sup-

ported by Adams v. City of Park Ridge, 7 Cir., 293 F.2d 585, 587; Schnell v. City of Chicago, 7 Cir., 407 F.2d 1084, 1086; and United States v. City of Jackson, Mississippi, 5 Cir., 318 F.2d 1, 11. See also dissenting opinion of Judge Rives in Bailey v. Patterson, S.D. Miss., 199 F.Supp. 595, 614–615, vacated and remanded 369 U.S. 31, 82 S.Ct. 549, 7 L.Ed.2d 512. Here we have a corporation and an individual representing a class claiming that their Fourteenth Amendment rights have been denied. We see no reason why a municipality and its employees may not be enjoined from acting in violation of those rights.

After making many specific findings, the district court held that the actions of the Planning Commission and City Council were "a direct result of the bias and prejudice on the part of the owners of other property in North Addition, which feeling carried over" to the members of those bodies; that the motivation for the denial of the zoning change "was to keep a large concentration of Negroes and other minority groups from living in North Addition * * * and the fear of the property owners * * * that * * * such project as proposed by the plaintiff would bring about a depreciation in property values in the district." 296 F.Supp. at 268–269. The court also found that the Planning Commission and the City Council "acted arbitrarily and unreasonably in refusing to re-zone the property and to issue the building permit requested."

The prime question is whether the record supports the findings of the trial court that the appellants violated the rights of the appellees under the Constitution and laws of the United States. We must review the evidence and the findings in the light of the clearly erroneous standard. Rule 52(a), F.R.Civ.P.

Except for military personnel from Fort Sill, Lawton is in large measure a racially segregated city. The North Addition is predominately white. The housing project is designed to serve low-income groups which consist of Negroes, Spanish-Americans, and poor whites. The signers of the petitions in opposition were all white. The racial situation was discussed in connection with the circulation of the petitions. The project sponsors received numerous anonymous phone calls which opposed the project on a racial basis. The one dissenting member of the Planning Commission testified that the opposition was based on racial bias. The evidence is sufficient to show that the public bodies acted as they did because of the opposition to the project by the residents of the North Addition.

■ The appellants point out that the race issue was not discussed at any of the public meetings and that there was no evidence of racial prejudice on the part of any city official. If proof of a civil right violation depends on an open statement by an official of an intent to discriminate, the Fourteenth Amendment offers little solace to those seeking its protection. In our opinion it is enough for the complaining parties to show that the local officials are effectuating the discriminatory designs of private individuals. See e. g. Shelley v. Kraemer, 334 U.S. 1, 68 S.Ct. 836, 92 L. Ed. 1161, holding unconstitutional the judicial enforcement of restrictive covenants contained in deeds, and Reitman v. Mulkey, 387 U.S. 369, 87 S.Ct. 1627, 18 L.Ed.2d 830, holding unconstitutional an initiated amendment to the California constitution effectively permitting discriminatory practices in the housing market.

■ The appellants argue that a finding of discriminatory intent is barred because the project was opposed on the grounds of overcrowding of the neighborhood, the local schools, and the recreational facilities and the overburdening of the local fire fighting capabilities. The testimony in this regard was vague and general. No school, fire, recreational, traffic or other official testified in support of the appellants' claims. The racial prejudice alleged and estab-

lished by the plaintiffs must be met by something more than bald, conclusory assertions that the action was taken for other than discriminatory reasons. See Norris v. Alabama, 294 U.S. 587, 598, 55 S.Ct. 579, 79 L.Ed. 1074, and Chambers v. Hendersonville City Board of Education, 4 Cir., 364 F.2d 189, 192.

There is no escape from the fact that the area immediately surrounding Block 26 is classified R–4, high density residential. The plaintiffs want the same zone designation for Block 26 that the neighboring property has. Both the present and the former director for the Planning Commission testified that from a zoning standpoint there was no reason why Block 26 should not be classified R–4. In the circumstances presented, the claims of overcrowding of municipal facilities are unpersuasive.

■ The appellants argue that the property owners in the vicinity of Block 26 have the right to a continuation of the use of that block for school purposes. The patent from the United States conveyed the Block to the City of Lawton for school purposes. Such use had been abandoned some years before the conveyance to the Bishop. A land gift by the United States to a local government is absolute and the recipient has full power to sell and convey the land to private individuals for private use. Alabama v. Schmidt, 232 U.S. 168, 173–174, 34 S.Ct. 301, 58 L.Ed. 555, and Cooper v. Roberts, 59 U.S. (18 How.) 173, 181–182, 15 L.Ed. 338. The phrase "according to the recorded plat thereof" found in the deed to the Bishop is descriptive only and is not a restriction on use.

■ The court of appeals does not decide factual issues de novo. In applying the clearly erroneous standard, it "is circumscribed by the deference it must give to decisions of the trier of the fact, who is usually in a superior position to appraise and weigh the evidence." Zenith Radio Corp. v. Hazeltine Research, Inc., 395 U.S. 100, 123, 89 S.Ct. 1562, 1576, 23 L.Ed.2d 129. In our opinion the record sustains the holding of racial

motivation and of arbitrary and unreasonable action in violation of the Fourteenth Amendment and of § 1983. The injunctive relief granted was necessary and appropriate to protect the rights of the plaintiffs. See National Association for the Advancement of Colored People v. Thompson, 5 Cir., 357 F.2d 831, 833, cert. denied Johnson v. National Association for the Advancement of Colored People, 385 U.S. 820, 87 S.Ct. 45, 17 L.Ed.2d 58, and Woods v. Wright, 5 Cir., 334 F.2d 369, 374–375.

Affirmed.