**STEEL HILL DEVELOPMENT, INC.**

v.

**TOWN OF SANBORNTON, a municipal corporation, et al.**

**Civ. A. No. 3319.**

United States District Court,
D. New Hampshire.

Oct. 4, 1971.

Stanley M. Brown and Peter B. Rotch, McLane, Carleton, Graf, Greene & Brown, Manchester, N. H., for plaintiff.

Peter V. Millham, Wescott, Millham & Dyer, Laconia, N. H., for Town of Sanbornton.

Frederic K. Upton, Upton, Sanders & Upton, Concord, N. H., for Edward Craig and others.

## OPINION AND ORDER ON DEFENDANT TOWN OF SANBORNTON'S MOTION FOR JUDGMENT ON THE PLEADINGS AND DISMISSAL

BOWNES, District Judge.

This case arises as a result of amendments to the zoning ordinance of the defendant town which it is alleged violates the plaintiff's constitutional rights under the Fifth and Fourteenth Amendments.

Jurisdiction is claimed to rest on a federal question and civil rights. 28 U. S.C. §§ 1331 and 1341. The federal question is the constitutionality of the zoning amendments as they affect plaintiff's property. Injunctive and declaratory relief and damages are sought under 28 U.S.C. § 2201 and 42 U.S.C. §§ 1983 and 1985.

Plaintiff alleges the following facts: In 1969 it acquired approximately five hundred acres of land in Sanbornton for the purpose of developing a four-season recreation community. Anticipating subdivision approval, it has made "extensive renovations to existing facilities, hired engineers and planners, made extensive engineering surveys of the property, and conducted various tests required by state regulatory agencies." The zoning ordinance in effect at the time of plaintiff's acquisition placed plaintiff's land in the "General Residential and Agricultural District" which required a minimum lot size of 35,000 square feet. On March 9, 1971, the zoning ordinance was amended at the Town Meeting. As a result, substantially all of plaintiff's land became part of the "Forest Conservation District," which required a minimum lot size of 261,360 square feet. Plaintiff had submitted a subdivision plan for thirty-six lots prior to the zoning amendments. That plan was approved by the Planning Board. An additional subdivision plan for the remainder of the land which, "complied in all respects with the provisions of the zoning ordinance," was submitted to the Planning Board, but the Planning Board refused to take any action on the plan because of the proposed amendments to be presented to the Town Meeting. Since plaintiff is now ready to subdivide and sell lots, and the Planning Board will not approve the proposed subdivision under the zoning amendments, the property's value has diminished from $1,500,000 to $200,000. Plaintiff claims that the new minimum lot sizes are unreasonable and arbitrary in that they are unrelated to the general welfare of the town and, therefore, that they violate its right to due process under the Fourteenth Amendment; that they greatly reduce the value of plaintiff's property and constitute a taking without compensation in violation of the Fifth and Fourteenth Amendments; and that they create an illegal classification in violation of the Fourteenth Amendment inasmuch as the new lot sizes are not based on any special requirements. It is further alleged that the zoning amendments resulted from the conscious efforts of defendant town and defendant selectmen, acting in conspiracy, to exclude plaintiff and other developers from conducting a lawful business in Sanbornton.

The defendant town has moved for a judgment on the pleadings and dismissal on the following grounds:

1. Since a municipal corporation is not a "person" within the meaning of 42 U.S.C. §§ 1983 and 1985, no cause of action can be maintained against the defendant town;

2. Plaintiff, as a corporation, is not a "person" or "citizen" entitled to relief under 28 U.S.C. § 1343 and 42 U.S.C. §§ 1983 and 1985;

3. The plaintiff has not exhausted its administrative remedies under the zoning ordinance and the state statutes;

4. The doctrine of abstention requires that the plaintiff proceed first in the State Courts;

5. No facts have been alleged which constitute a violation of the Fifth and Fourteenth Amendments; and

6. The complaint fails to state a cause of action under 42 U.S.C. §§ 1983 and 1985.

I assume, of course, for purposes of this opinion that plaintiff's allegations are true.

I first consider the question of whether a cause of action may be maintained against the town under 42 U.S.C. §§ 1983 and 1985. It must be recognized that Monroe v. Pape, 365 U.S. 167, 181 S.Ct. 473, 5 L.Ed.2d 492 (1960), particularly footnote 50 at page 191, 81 S.Ct. 473, can be used as authority for the holding that a municipal corporation is not a "person" within the meaning of 42 U.S.C. § 1983 for any purpose. Shelburne v. New Castle County, 293 F. Supp. 237, 241 (D.Del.1968). This approach, however, ignores the fact that a municipality can effectively deprive a person of rights, privileges, and immunities secured by the Constitution, and that speedy injunctive relief may be the only way of preventing irreparable harm. The holding of the Tenth Circuit in Dailey v. City of Lawton, 425 F.2d 1037 (10th Cir. 1970), that footnote 50 in Monroe v. Pape has been misconstrued makes good sense and good law:

> We read that footnote as differentiating between actions for damages and actions for equitable relief and as intending no bar to equitable actions for injunctive relief against invasions of a plaintiff's federal constitutional rights by municipal action. This view is supported by Adams v. City of Park Ridge, 7 Cir., 293 F.2d 585, 587. 425 F.2d 1037, 1038–1039.

■ I hold that an action may be maintained against the defendant town under 42 U.S.C. § 1983 for injunctive relief, but not for damages.

■ No cause of action may be maintained against the town for conspiracy under 42 U.S.C. § 1985 because a municipality acting in its sovereign capacity cannot be a conspirator. Agnew v. City of Compton, 239 F.2d 226 (9th Cir. 1957).

■■ The next question is whether the plaintiff, as a corporation, is entitled to relief under 28 U.S.C. § 1343 and 42 U.S.C. §§ 1983 and 1985. A corporation is not an "other person" entitled to the privileges and immunities of the Fourteenth Amendment. Hague v. C.I.O., 307 U.S. 496, 59 S.Ct. 954, 83 L.Ed. 1423 (1939). Corporations are, however, entitled to due process and equal protection under the Fourteenth Amendment. Grosjean v. American Press Co., 297 U.S. 233, 244, 56 S.Ct. 444, 80 L.Ed. 660 (1936). Whether the Civil Rights Act provides a remedy for the deprivation of property rights, as distinguished from civil liberties, is a different matter.

■ Mr. Justice Stone was of the opinion that jurisdiction under the Civil Rights Act was only proper when rights "inherently incapable of pecuniary valuation" were asserted, such as freedom of religion and expression. *Hague, supra*, at 496, 59 S.Ct. 954, 83 L.Ed. 1423. This was in accord with Holt v. Indiana Mfg. Co., 176 U.S. 68, 20 S.Ct. 272, 44 L.Ed. 374 (1900). Some recent decisions have adopted Mr. Justice Stone's distinction, Howard v. Higgins, 379 F.2d 227 (10th Cir. 1967), Eisen v. Eastman, 421 F.2d 560 (2nd Cir. 1969); others have not, Hornsby v. Allen, 326 F.2d 605 (5th Cir. 1964), Adams v. City of Park Ridge, 293 F.2d 585 (7th Cir. 1961). We need not decide the scope of civil rights jurisdiction in this regard, since plaintiff has alleged a decrease in the value of his property far in excess of value of his property far in excess of the section 1331 jurisdictional requirements.[1] Jurisdiction, therefore, is

---

[1]. Whether jurisdiction obtains under 28 U.S.C. § 1343 or § 1331, or both, is not

important, since the result, as far as it concerns the Town of Sanbornton, is the

proper under 28 U.S.C. § 1331, and the Town of Sanbornton is a proper party defendant for the purpose of determining whether the zoning amendments, as they apply to plaintiff's property, are constitutional.

■ The doctrine of the necessity of exhausting state administrative remedies has no application to this case because there are no administrative remedies that can rectify the alleged constitutional wrong. In Euclid v. Ambler Co., 272 U.S. 365, 47 S.Ct. 114, 71 L.Ed. 303 (1926), the Court noted at page 386, 47 S.Ct. at page 117:

> A motion was made in the court below to dismiss the bill on the ground that, because complainant [appellee] had made no effort to obtain a building permit or apply to the zoning board of appeals for relief, as it might have done under the terms of the ordinance, the suit was premature. The motion was properly overruled. The effect of the allegations of the bill is that the ordinance of its own force operates greatly to reduce the value of appellee's lands and destroy their marketability for industrial, commercial and residential uses, and the attack is directed, not against any specific provision or provisions, but against the ordinance as an entirety.

See also Lerner v. Town of Islip, 272 F. Supp. 664, 668 (E.D.N.Y.1967).

The defendant has suggested that declaratory relief in zoning cases should not be allowed and has cited for this proposition the cases of West v. Bank of Commerce, 153 F.2d 566 (4th Cir. 1946), and McLarty v. Borough of Ramsey, 166 F.Supp. 291 (D.N.J.1958). Both cases are factually distinguishable and were decided on the grounds that there was no "actual controversy." In West, "the pleadings failed to show a definite present purpose on the part of the owners to use the lot for any purpose forbidden by either ordinance." 153 F.2d 566, 568; and the defendant city specifically denied that the lot could not be used for plaintiff's purpose. In McLarty, the plaintiff had failed to invoke any of his state remedies and, in fact, had not even applied for a building permit. Under the circumstances, the court held that the plaintiff was merely seeking "a declaration in vacuo of the constitutional invalidity of a municipal ordinance, authorized by a State Constitution and by a State statute." 166 F. Supp. 291, 294.

■ In the instant case, the plaintiff not only alleges that he has submitted a subdivision plan for approval, but that the zoning amendments prohibit him from subdividing and selling substantial portions of his property. There is no doubt that there is an "actual" controversy between the plaintiff and the defendants.

■ Since the abstention doctrine involves the delicate relationship between state and federal courts and always has a certain appeal in difficult cases, the basis for it must be examined carefully. The plaintiff alleges jurisdiction based on a federal question and civil rights. 28 U.S.C. §§ 1331 and 1343. The rights which it seeks to protect are federal in origin, and Federal Courts are the "primary and powerful" forums for vindication of federal rights. Zwickler v. Koota, 389 U.S. 241, 247, 88 S.Ct. 391, 19 L. Ed.2d 444 (1967). The Civil Rights Act does not require that a person first seek his state law remedy; the federal remedy supplements state remedies. Monroe v. Pape, supra.

■ There are special instances where abstention is proper: where state law is uncertain and the state courts have not construed it, or where a federal constitutional determination may be avoided by a state court interpretation of state law. Railroad Commission of

---

same; the town cannot be liable to plaintiff in damages. Monroe v. Pape, 365 U.S. 167, 81 S.Ct. 473, 5 L.Ed.2d 492 (1960). The only relief which can be

afforded plaintiff is a declaration that the zoning amendments are invalid as they affect plaintiff's property.

**952**

Texas v. Pullman Co., 312 U.S. 496, 61 S.Ct. 643, 85 L.Ed. 971 (1941). But when the jurisdiction of the Federal Court has been properly invoked, as it has here, and there are no special circumstances, the court cannot abstain. Zwickler v. Koota, *supra*, Baggett v. Bullitt, 377 U.S. 360, 84 S.Ct. 1316, 12 L.Ed.2d 377 (1963).

■ The instant case is strikingly similar to Lerner v. Town of Islip, *supra*, where plaintiff, owner of a sixty-two acre tract sought a declaratory judgment that reclassification of her property to residential AAA and expanded minimum lot size requirements resulted in an unconstitutional taking. The defendant moved to dismiss on the grounds, *inter alia*, that Federal Courts should abstain in matters of local concern. The reasons that Judge Weinstein gave in the *Lerner* case for refusing to abstain apply with equal force to this case: (1) The constitutional issue could not be avoided, "there is no question of state law preliminary to, or independent of, federal constitutional issues. The state and federal constitutional issues are essentially 'the same' and are the only issues in the case." 272 F.Supp. 664, 667. (2) The state law was not unclear. Plaintiff did not complain of the state enabling act or the ordinance generally, she merely alleged that the ordinance as it applied to her property was unconstitutional. (3) A comprehensive state regulatory system was not threatened. (Cf. Burford v. Sun Oil Co., 319 U.S. 315, 63 S.Ct. 1098, 87 L.Ed. 1443 (1943), where regulation of a state's oil and gas program was in issue.) There is no valid reason for abstaining in this case. This does not mean that the constitutionality of the ordinance generally can be determined; at issue only is its constitutionality as it affects plaintiff's property. See Village of Euclid v. Ambler Realty Co., *supra*, Nectow v. City of Cambridge, 277 U.S. 183, 48 S.Ct. 447, 72 L.Ed. 842 (1928).

■ No extended discussion is necessary as to defendants' claim that the complaint fails to state a cause of action under 42 U.S.C. §§ 1983 and 1985. I rule that the pleadings do raise an issue of violation of the Fifth and Fourteenth Amendments and do state a cause of action under 42 U.S.C. § 1983. The motion for judgment on the pleadings and dismissal is denied.

So ordered.