Katherine **REED** et al., Appellants,

v.

The **CITY OF BARTLESVILLE** et al.,
Appellees.

No. 44144.

Court of Appeals of Oklahoma,
Division No. 1.

Feb. 13, 1973.

Rehearing Denied March 6, 1973.

Shoemake & Briggs, Pawhuska, for appellants.

Brewer, Worten & Robinett, Bartlesville, for appellees.

BAILEY, Presiding Judge:

The issue in this case is whether the plaintiffs' petition as amended pleads an actual controversy under the Oklahoma Declaratory Judgment Act, 12 O.S.1971, §§

1651–1657. The trial court sustained a demurrer and dismissed the action on the ground that it did not.

The petition alleges in substance that plaintiffs own or hold title to land located in an area the use of which is regulated by an airport zoning ordinance purportedly enacted pursuant to 3 O.S.1971, §§ 101–115 by an airport zoning board. The plaintiffs claim that the ordinance decreases the value of plaintiffs' property and is without effect because it was adopted without notice and without compliance with statutory procedures, that the ordinance is unconstitutional in its general scope and effect and that the authorizing statutes also are unconstitutional for various reasons. There is no averment in the petition of any use of any of the plaintiffs' properties presently or any intended use in the future in any manner inconsistent with such ordinance nor of any application to the Board for an exception or variance from the ordinance.

Under these circumstances is an actual controversy with the agency or political subdivisions presented? Apparently the Oklahoma Supreme Court has on only one occasion determined that a trial court should refuse declaratory relief for want of an actual controversy. Gordon v. Followell, 391 P.2d 242 (1964). That case is in no way similar to the present one on the facts and for want of other authority we have looked to cases elsewhere in which plaintiffs have sought a declaration that a zoning ordinance was invalid. We have found only a few cases in which the plaintiff had taken no action inconsistent with the zoning ordinance following its enactment and where he sought to have the ordinance declared invalid on various grounds merely because his property was in the zoned area. In these cases the courts have refused to consider the invalidity of the ordinance *in its application to the specific property* for want of a justiciable controversy. Nevertheless other claims in the same cases of the invalidity of the ordinance *in its general scope and effect* have been reviewed both by the trial court and the appellate court. Plebst v. Barnwell Drilling Co., 243 La. 874, 148 So.2d 584 (1963); Nardi v. City of Providence, 89 R.I. 437, 153 A.2d 136 (1959); Flora Realty & Investment Co. v. City of Ladue, 362 Mo. 1025, 246 S.W.2d 771 (1952). There is good reason for this distinction. A petitioner's contention that a zoning ordinance is arbitrary or unreasonable in its application to his specific property should not result in a needless judicial declaration that the ordinance is invalid as applied to his property if an application to the zoning board might result in a variance or exception. The administrative agency, not the court, should have the first opportunity to make adjustments in the regulatory scheme. Therefore the court refuses inquiry because the issue is not yet ripe for judicial determination. However there is no similar reason for postponing judicial inquiry into the general invalidity of a zoning ordinance on grounds such as that it was adopted without notice or without following statutory requirements, or that it is unconstitutional not as applied to any particular property but in its general pattern and effect. These are the general grounds asserted by the plaintiffs in this case. Presentation of these general grounds of invalidity to the administrative agency would only delay judicial determination of those issues with no possibility of avoidance of court action ultimately and with no gain in the delineation of the legal issues in the process.

Defendants argue in effect that it takes two to have a dispute and that while the plaintiffs have taken a position as to the invalidity of the ordinance, the defendants have never contested or disputed the matter with them. This overlooks the fact that the ordinance was adopted through the efforts of the defendants and undoubtedly upon the assumption that it is valid and will be enforced when occasion requires it. It has been held that where a plaintiff is challenging the validity of a statute by declaratory judgment that he need not allege that it will be enforced because that will be

presumed. Hoagland v. Bibb, 12 Ill.App.2d 298, 139 N.E.2d 417 (1957).

■ Do the plaintiffs have an interest which presently is adversely affected? Plaintiffs own or have title to property which lies in the zoned area. Even though the plaintiffs have not yet used their properties in any manner inconsistent with the ordinance nevertheless the zoning ordinance operates as a legal restriction or limitation upon the plaintiffs' ownership in the same manner as would an easement. Regardless of whether the owner uses or intends to use that portion of his property subject to an easement in a manner inconsistent therewith he is entitled to a declaration by a court that the easement is invalid. See Richmond-Wellington Hotel Co. v. Collins, 336 Mass. 360, 145 N.E.2d 818 (1957). Compare Village of Euclid v. Ambler Realty Co., 272 U.S. 365, 47 S.Ct. 114, 71 L.Ed. 303 (1925).

Defendants cite federal cases in support of their position. Admittedly some such cases have refused even a general attack upon a zoning ordinance under the Federal Declaratory Judgment Act unless the plaintiff has taken definite steps to use his property in a manner inconsistent with the zoning ordinance. West v. Bank of Commerce & Trusts, 153 F.2d 566, 174 A.L.R. 848 (4 Cir. 1946); McLarty v. Borough of Ramsey, 166 F.Supp. 291 (D.N.J.1958). However this strict view of the evolvement required in a legal dispute to constitute a controversy in a federal declaratory judgment proceeding is based on factors peculiar to the federal courts: (1) As the courts of a separate judicial system, the federal courts traditionally have been reluctant to determine the constitutionality of state legislation or local ordinances and do so only when necessary. McLarty v. Borough of Ramsey, supra, at 295. (2) Originally there was considerable doubt whether Federal courts could grant declaratory relief at all consistent with Article III, Section 2 of the Constitution which extends federal judicial power only to "cases or controversies." These constitutional doubts were resolved in favor of the validity of the Federal Declaratory Judgment Act in Aetna Life Ins. Co. v. Haworth, 300 U.S. 227, 57 S.Ct. 461, 81 L.Ed. 617 (1937) but only by conservative interpretation of the Act as requiring a substantial development of the dispute almost to the point of allowing traditional relief. Chief Justice Hughes, writing the opinion, said:

"The Declaratory Judgment Act of 1934, in its limitation to 'cases of actual controversy,' manifestly has regard to the constitutional provision and is operative only in respect to controversies which are such in the constitutional sense." 300 U.S. at 239, 57 S.Ct. at 463.

In similar cases where traditional injunctive relief was sought, the federal courts have had no difficulty finding a justiciable controversy. Thus it has been held that the mere enactment of a statute or zoning ordinance limiting the use of property, without any attempt to apply it to the complaining party, made cause for injunctive relief. Village of Euclid v. Ambler Realty Co., 272 U.S. 365, 47 S.Ct. 114, 71 L.Ed. 303 (1926). In Pierce v. Society of Sisters, 268 U.S. 510, 45 S.Ct. 571, 69 L.Ed. 1070 (1925), the court enjoined the enforcement of a statute two years before it was to go into effect.

We do not think that factors peculiar to the federal judiciary should cause us to limit the usefulness of the declaratory judgment procedure in Oklahoma. The Act provides:

"District.....Courts may, in cases of actual controversy, determine.....the construction or validity of any .....statute, municipal ordinance, or other governmental regulation, whether or not other relief is or could be claimed.... The determination may be made, either before or after there has been a breach of any legal duty or obligation....." 12 O.S.1971, § 1651.

We conclude that one whose property is in a zoned area and who claims decreased value of his property due to the zoning, as here, has a present not a potential dispute

with the regulatory agency as to the general invalidity of the zoning ordinance. The trial court should not have sustained the demurrer for want of a justiciable controversy.

The defendants say that the trial court ruling was correct nonetheless because there was a nonjoinder of parties and this ground was included in the demurrer. The Declaratory Judgment Act provides in part:

"When a declaratory relief is sought, all persons shall be made parties who have or claim any interest which would be affected by the declaration, and no declaration shall prejudice the rights of persons not parties to the proceedings....." 12 O.S.1971, § 1653.

■ In spite of the word "shall" the joinder requirement is not mandatory in the sense that all parties who might be affected by a declaration must be joined but only those necessarily and directly affected thereby. E. g., Trammell v. Glenn Falls Indemnity Co., 259 Ala. 430, 66 So.2d 537 (1953); Fraser, Oklahoma's Declaratory Judgment Act. 32 O.B.A.J. 1447, 1450 (1961). We do not think that it was necessary for all other property owners in the zoned area to be joined as plaintiffs. Moreover we note that the plaintiffs in the amended petition purport to bring a class action. The averments to this effect are sufficient to withstand the demurrer.

■ We also do not think that the Phillips Petroleum Company is a necessary party defendant although it is averred that the Company sold the airport to the City of Bartlesville and then leased it back for a nominal consideration and therefore is the beneficial owner. The principal thrust of this suit is against the validity of the zoning ordinance. The Phillips Petroleum Company had no role in its enactment and the City is a sufficient protagonist of the validity of the ordinance.

■ It appears that one of the plaintiffs holds title as Special Administratrix to restricted Indian land in the zoned area. Alienability of such land is subject to the supervision and control of the Secretary of Interior. However we do not think that this suit is so directly related to alienability of such land as to require the joinder of the Secretary as a necessary party.

■ We do not consider whether other parties should have been joined in this proceeding because no omission of any other party is urged in the brief of appellees and so any such defect, if any, is waived for purposes of this appeal.

Reversed.

ROMANG, J., concurs.

BOX, J., dissents.