Ray Elbert PARKER, Appellant,

v.

BOARD OF EDUCATION OF PRINCE GEORGE'S COUNTY, MARYLAND, Appellee.

No. 9932.

United States Court of Appeals Fourth Circuit.

Argued June 2, 1965.

Decided June 28, 1965.

Robert H. Reiter and Andrew P. Zimmer, Washington, D. C. (David B. Isbell, Washington, D. C., on brief), for appellant.

Paul M. Nussbaum, Hyattsville, Md., for appellee.

F. Duncan Cornell, Walter S. Levin, and Sauerwein, Benson & Boyd, Baltimore, Md., on brief for amici curiae, Maryland State Teachers' Ass'n, Inc. and Prince George's County Teachers' Ass'n, Inc.

Thomas B. Finan, Atty. Gen. of Maryland, and Stuart H. Rome, Asst. Atty. Gen. of Maryland, on brief for amicus curiae, Maryland State Board of Education.

Before BRYAN and BELL, Circuit Judges, and BARKSDALE, District Judge.

PER CURIAM:

His employment as a teacher under a contract with the Board of Education of Prince George's County, Maryland was arbitrarily and illegally terminated, Ray Elbert Parker charged in his complaint, praying the District Court to order his reinstatement and award him damages. From an adverse summary judgment he appeals. We affirm upon the third defense pleaded in the Board's answer, viz., the failure of the complaint to state a claim upon which relief could be granted. F.R.Civ.P. 12(b) (6).

We need not pass on the merits of the Fifth, Fourteenth and First Amendment deprivations and abridgement asserted by the appellant, consisting of the Board's termination of his employment (1.) without a hearing and (2.) because of his instruction from a book which he said had been proscribed by the Board in violation of freedom of speech. Our decision rests entirely on the contract. By its terms Parker was only employed provisionally and wholly without academic tenure, express or implied. The agreement was that his engagement was simply probationary and "that either of the parties to this contract may terminate it at the end of the first or second school year by giving thirty days' notice in writing to the other during the month of June or July". Concededly, the termination complied with this stipulation. We join the District Judge in upholding the Board's action on this ground. Parker v. Board of Education, 237 F.Supp. 222 (D.C.Md.1965).

Summary judgment, we think too, was appropriate because the premises underlying the decision were without genuine controversy; they appeared in the contract and other supporting papers with the motion. These included the school statutes of Maryland and by-laws of the State Board of Education as well

as "certain letters and other documents" submitted by agreement. All of this evidence was proper for consideration on the motion. F.R.Civ.P. 56, 12(c).

Affirmed.