Charles ALLISON, Appellant,

v.

CALIFORNIA ADULT AUTHORITY
et al., Appellees.

No. 23892.

United States Court of Appeals
Ninth Circuit.

Dec. 11, 1969.

Charles Allison, in pro. per.

Charles R. B. Kirk, John T. Murphy, Deputy Attys. Gen., Thomas C. Lynch, Atty. Gen., for appellees.

Before DUNIWAY, CARTER and TRASK, Circuit Judges.

JAMES M. CARTER, Circuit Judge:

Allison, a California state prisoner, brought a Civil Rights action (42 U.S.C. §§ 1983, 1985) against various representatives of the California correctional system. His complaint alleged that the actions of defendants had deprived him of his constitutional rights. Initially Allison was granted leave to proceed in forma pauperis (28 U.S.C. § 1915(a)). The district court dismissed the complaint for failure to state a claim upon which relief could be granted under Rule 12(b) (6) of the Federal Rules of Civil Procedure. Allison appeals from that determination.

Allison names as defendants the "California Adult Authority, Dr. T. R. Flinn, Member, Mr. Manley J. Bowler, Representative, Mr. J. R. O'Brien, Parole Representative, Mr. W. O. Cross, Counselor, Mr. Louis Nelson, Warden, and San Quentin State Prison." The

decisions of this court in Bennett v. People, (9 Cir. 1969) 406 F.2d 36, cert. denied 394 U.S. 966, 89 S.Ct. 1320, 22 L. Ed.2d 568 (1969) and Clark v. Washington, (9 Cir. 1966) 366 F.2d 678, make clear that state agencies which are but arms of the state government are not "persons" for purposes of the Civil Rights Act. Therefore plaintiff would not be entitled to relief against the California Adult Authority or San Quentin State Prison.

The complaint against the individual defendants states two theories of recovery: (1) Allison was wrongly denied parole; (2) Allison was physically abused by defendants. We separately consider these contentions.

██ The district court correctly determined that denial of parole did not state a claim on which relief could be granted. This court has made clear that state officials are immune from suit under the Civil Rights Act for actions taken in the processing of parole applications. Villalobos v. Dickson, (9 Cir. 1969) 406 F.2d 835; Bennett v. People, supra; Silver v. Dickson, (9 Cir. 1968) 403 F.2d 642, cert. denied 394 U.S. 990, 89 S.Ct. 1477, 22 L.Ed.2d 765.

█ Allison's allegations of physical abuse stretch one's credulity. He probably has never seen Flinn or Bowler, members of the California Adult Authority or O'Brien, a parole representative who works with the Adult Authority. Allison alleges he has been "beat, kicked, knocked, stomped, thrashed, tear-gassed and cursed by the defendants named in the complaint."

Nevertheless, Allison's complaint does state a claim for relief under the Civil Rights Act. Faced with similar questionable contentions, this court has held that a claim for relief had been sufficiently stated to withstand dismissal under Rule 12(b) (6) F.R.Civ.P. Wiltsie v. California Dept. of Corrections, (9 Cir. 1968) 406 F.2d 515; Brown v. Brown, (9 Cir. 1966) 368 F.2d 992, cert. denied 385 U.S. 868, 87 S.Ct. 133, 17 L.Ed.2d 95 (1966). Language in *Brown*, supra, is particularly appropriate in this case.

"The pleadings filed by appellant contain allegations which could be said to tax a reader's credulity. It might be noted that sections 118, 118a and 126 of the California Penal Code define the crime of perjury and provide for a penalty for its commission. However, in passing on a motion to dismiss for failure to state a claim, the facts set forth in the complaint must be assumed to be true * * * Viewed in this respect the complaint does state a cause of action under the Civil Rights Act and should not have been dismissed under Fed.R.Civ.Proc., Rule 12(b)." [page 993].

We recognize that frivolous Civil Rights suits by prison inmates have become a matter of concern to district courts. This is the sixth action under the Civil Rights Act commenced by Allison. Judge Wollenberg summarizes the first five in Allison v. Wilson, 277 F. Supp. 271 (N.D.Calif.1967). In one of the prior actions he alleged that deputy sheriffs in Nevada had "beat, kicked, stomped and cursed" him. Allison v. Wilson, page 272. To his stock phrase he has now added "thrashed, tear-gassed and knocked." He proclaimed his legal acumen by a sign posted in his cell reading "Attorney at Law, Civil Complaints, Writs, etc." Id. page 272.

█ In Stiltner v. Rhay, (9 Cir. 1963) 322 F.2d 314, 316–317, cert. denied 376 U.S. 920, 84 S.Ct. 678, 11 L. Ed.2d 615 (1964) we emphasized that a district court may withdraw leave to proceed in forma pauperis (28 U.S.C. § 1915(a)) if it becomes satisfied that an action is frivolous or malicious or the allegation of poverty is untrue. (28 U.S. C. § 1915(d)). Also a district court may condition continued proceedings under § 1915(a) upon plaintiff's clarification and particularization of his complaint. Should plaintiff respond unsatisfactorily to such request, dismissal under § 1915(d) would be in order.

Allison's case is remanded to the district court for further proceedings on the issue of physical abuse. On remand, the district court may consider dismissal

of the proceeding in forma pauperis under 28 U.S.C. § 1915(d) if it is satisfied the action is frivolous or malicious. As a minimum it would appear that Allison should be required to particularize his shotgun allegation of physical mistreatment.

Reversed and remanded for further proceedings.