Hilton **WOLFE**, Plaintiff,

v.

William A. **O'NEILL** et al., Defendants.

No. F–13–71.

United States District Court,
D. Alaska.

Jan. 6, 1972.

Stephen C. Cowper, Fairbanks, Alaska, for plaintiff.

Howard Staley, Merdes, Schaible, Staley & DeLisio, Fairbanks, Alaska, Irving Bertram, Hughes, Thorsness, Lowe, Gantz & Clark, Anchorage, Alaska, for defendants.

## MEMORANDUM AND ORDERS

VON DER HEYDT, District Judge.

This cause is brought by plaintiff, Hilton Wolfe, pursuant to the Civil Rights Act of 1871, 42 U.S.C. § 1983 et seq. Plaintiff resides in Fairbanks, Alaska, and was employed by the University of Alaska as an Assistant Professor of English. Defendants in this action are the University of Alaska, the President of the University, and its Board of Regents, individually and as members of the Board. The University of Alaska is a public corporation which under Alaska Statute may be sued. William R. Wood is the duly appointed President of the University of Alaska. William A. O'Neill, Robert E. McFarland, Vide Bartlett, Hugh B. Fate, Jr., and James Nolan, A. D. Robertson, Edith Bullock, and Brian Brundin are all members of the Board of Regents.

Plaintiff was employed by the defendants as Assistant Professor of English from September, 1969, until May 31, 1971. Plaintiff alleges that during the time of his employment there were implied regulations and standards governing nontenured employees in relation to reemployment. Further, defendant asserts that these express and implied regulations created a reasonable expectation of reemployment for the following school year.

On December 15, 1970, plaintiff received a letter from the University of Alaska notifying him that his employment was not to be continued after May 31, 1971. The letter did not explain reasons why plaintiff's employment was being terminated. Subsequently, plaintiff brought an appeal to Dr. Donald R. Theophilus, Academic Vice President of the University. Dr. Theophilus declined to reverse the decision concerning plaintiff's reemployment. Plaintiff then requested review by the University Grievance Committee. The Grievance Committee first recommended that plaintiff's employment be terminated and then later reversed its findings and advised that Wolfe be retained. Both of these findings were filed with President Wood. After review, President Wood decided that plaintiff's employment be terminated. Plaintiff next requested in writing a hearing before the Board of Regents of the University of Alaska. He was allowed to present oral argument at that hearing. The Board of Regents unanimously affirmed the decision of the President of the University.

Plaintiff alleges in Count I of his complaint that his employment was terminated as Assistant Professor of English because he exercised his right of free speech, as guaranteed by the First and Fourteenth Amendments of the Constitution of the United States, thereby depriving him of certain rights, privileges, and immunities secured by the Constitution. Count II of plaintiff's complaint charges that his employment was terminated without statement of reasons for such discharge. Plaintiff also alleges that he was not afforded a proper hearing upon the issue of wheth-

er he was discharged for exercising his constitutional rights, that he was not afforded an adversary hearing on the reasons for his discharge, and that he was not furnished with ascertainable standards for his employment. This, plaintiff contends, deprived him of his rights, privileges, and immunities secured by the Constitution, and due process of law and due protection of the laws as set forth in the Fourteenth Amendment to the Constitution of the United States.

Plaintiff seeks only equitable relief. He prays for an order reinstating him to his previous employment status as Assistant Professor of English at the University of Alaska. Further he requests that the defendants be enjoined from enforcing the termination of his employment, and that the defendants be forever enjoined from depriving him of his rights as guaranteed under the Constitution of the United States.

Numerous motions have been filed which are before the Court. They are:

1. Defendants move to dismiss the complaint for want of jurisdiction, alleging that they are not proper parties to an action brought under 42 U.S.C. § 1983.

2. Defendants move to dismiss for failure to state a claim upon which relief can be granted.

3. Defendants move for a more definite statement pursuant to Rule 12(e) of the Federal Rules of Civil Procedure.

4. Defendants move for an extension of time to respond to plaintiff's motion for summary judgment.

5. Defendants William A. O'Neill, Robert E. McFarland, Vice Bartlett, Hugh B. Fate, Jr., James Nolan, A. D. Robertson, Edith Bullock, and Brian Brundin, move that they be dismissed as individuals from this action.

6. Plaintiff moves to strike the motion to dismiss of the members of the Board of Regents as individuals.

7. Plaintiff moves for a pre-trial conference. These motions will be considered in the order set forth above.

## 1. MOTION TO DISMISS FOR WANT OF JURISDICTION

Defendants allege that the Court lacks jurisdiction over them because they are not "persons" within the meaning of 42 U.S.C. § 1983. That section reads:

"Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress."

It is well established that in a suit for damages a State is not a person within the meaning of Section 1983. Whitner v. Davis, 410 F.2d 24, 29 (9th Cir. 1969); Williford v. People of California, 352 F.2d 474, 476 (9th Cir. 1965); Sires v. Cole, 320 F.2d 877, 879 (9th Cir. 1963). See Monroe v. Pape, 365 U.S. 167, 187, 81 S.Ct. 473, 5 L.Ed.2d 492 (1961).

The University of Alaska, a corporation created by the State Constitution, the President of the University of Alaska, and the Board of Regents of the University of Alaska, assert that they are not "persons" within the meaning of 42 U.S.C. § 1983, and therefore would not be proper parties to a suit brought against them. Sellers v. Regents of University of California, 432 F.2d 493, 500 (9th Cir. 1970); Bennett v. People of California, 406 F.2d 36, 39 (9th Cir. 1969); cert. den., 394 U.S. 966, 89 S.Ct. 1320, 22 L.Ed.2d 568 (1969); Ocasio v. Bryan, 374 F.2d 11, 13 (3rd Cir. 1967).

The Supreme Court of the United States, Monroe v. Pape, 365 U.S. 167, 81 S.Ct. 473, 5 L.Ed.2d 492 (1961) prohibited suits for damages against municipalities under Section 1983. The Court held that a municipal corporation was

not a "person" within the meaning of 42 U.S.C. § 1983, thus conferring immunity upon political subdivisions for actions claiming damages. Plaintiff contends, however, that the Supreme Court did not except political subdivisions from suit under Section 1983 when equitable relief is requested. And, as plaintiff urges, this is a suit for equitable relief and not one for damages. Plaintiff asserts that the policy reasons for exempting municipalities from the scope of Section 1983 when damages are sought does not exist when only equitable relief is requested.

In Harkless v. Sweeny Independent School District, 427 F.2d 319, 323 (5th Cir. 1970) the Circuit Court thoroughly discussed Monroe v. Pape and found a distinction between cases requesting damages and those asserting only equitable relief. The Court held that where equitable relief was sought the School District was included within the meaning of "person" as provided by Section 1983.

In Abel v. Gousha, 313 F.Supp. 1030 (E.D.Wis.1970) plaintiff brought a complaint alleging that she was discharged from her employment as a teacher in the Milwaukee public schools because she was a party to certain demonstrations. She claimed that her discharge was in violation of her right to freedom of speech under the First and Fourteenth Amendments to the Constitution. Defendants moved for a judgment on the pleadings, alleging that they were not "persons" under 42 U.S.C. § 1983. The Court held,

"Insofar as the complaint seeks damages against the school board, the action must fail since the school board is not a person within the meaning of 42 U.S.C. § 1983. Monroe v. Pape, 365 U.S. 167, 81 S.Ct. 473, 5 L.Ed.2d 492 (1961). *However, the plaintiff also demands reinstatement to her position as a teacher, and such action for relief is not foreclosed by Monroe v. Pape.*" 313 F.Supp. at 1031. [Emphasis Added.]

Other courts have also allowed suit under 42 U.S.C. § 1983 when the action was for equitable relief rather than damages. *See,* Schnell v. City of Chicago, 407 F.2d 1084, 1086 (7th Cir. 1969); Adams v. City of Park Ridge, 293 F.2d 585, 587 (7th Cir. 1961); Local 858 of A. F. of T. v. School District No. 1 in County of Denver, 314 F.Supp. 1069, 1074 (D.Colo.1970); Service Employees International Union, A.F.L.–C.I.O. v. County of Butler, Pa., 306 F.Supp. 1080, 1083 (W.D.Pa.1969).

Plaintiff in the case at bar requests equitable relief. He requests that his position as Assistant Professor of English at the University of Alaska be reinstated and that the defendants be enjoined from depriving him of his rights as guaranteed under the Constitution of the United States. This is not a suit for damages.

This Court finds that for alleged equitable relief the University of Alaska, William R. Wood, President of the University of Alaska, and the Board of Regents of the University of Alaska are "persons" within the meaning of 42 U. S.C. § 1983 and that it does have jurisdiction over the cause of action.[1]

The President and the Board of Regents as public officers allege that they are not liable for acts done within the scope of their public duties or, in other words, are immune from civil suit based upon discretionary public acts, even if they are "persons" within Section 1983.

Plaintiff has alleged in his complaint, however, that the President and the Board of Regents acted in violation of the Constitution of the United States in

---

1. Further, under Alaska Stat. § 14.40.040 (1971), the University of Alaska is a corporation which can sue and can be sued in its own name. In Porcelli v. Titus, 302 F.Supp. 726, 730 (D.N.J. 1969) the court held that the Neward Board of Education, because it is a body corporate, under N.J.Stat.Ann. § 18A :10–1 and because it may be sued and sue under N.J.Stat.Ann. § 18A :11–2, was a "person" in conformity with 42 U.S.C. § 1983, and that suit could be instituted against such board.

dismissing plaintiff from his employment. Not all public officials are immune from Civil Rights Acts liability even though their acts may have been performed within their official duties and were discretionary. Donovan v. Reinbold, 433 F.2d 738, 744 (9th Cir. 1970). *See also,* Griffin v. County School Board of Prince Edward County, 377 U.S. 218, 228, 84 S.Ct. 1226, 12 L. Ed.2d 256 (1964); Whitner v. Davis, 410 F.2d 24, 30 (9th Cir. 1969); James v. Ogilvie, 310 F.Supp. 661, 665 (N.D.Ill. 1970); Roth v. Board of State Colleges, 310 F.Supp. 972 (Wis.1970).

■ Thus, the Court finds that defendant William R. Wood as President of the University of Alaska, and the Board of Regents of the University of Alaska, as a body corporate, are not immune from suit brought under the provisions of the Civil Rights Act, 42 U.S. C. § 1983.

Therefore, it is ordered:

That defendants' motion to dismiss for want of jurisdiction is denied.

### 2. MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED

■ Defendants move the Court to dismiss the complaint for the reason that the complaint fails to state a claim upon which relief can be granted. For an adequate cause of action under 42 U. S.C. § 1983, two requirements must be met. First, the conduct of the defendants must be under color of State law, and, second, defendants' conduct must have subjected the plaintiff to a deprivation of rights, privileges, or immunities secured by law and the Constitution of the United States. Jones v. Hopper, 410 F.2d 1323, 1326 (10th Cir. 1969), cert. denied 397 U.S. 991, 90 S.Ct. 1111, 25 L.Ed.2d 399 (1970); Flemming v. Adams, 377 F.2d 975, 977 (10th Cir. 1967), cert. den., 389 U.S. 898, 88 S.Ct. 219, 19 L.Ed.2d 216 (1967); Stringer v. Dilger, 313 F.2d 536, 540 (10th Cir. 1963).

■ A complaint, however, is not held insufficient and subject to dismissal unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which entitles him to relief. Conley v. Gibson, 355 U.S. 41, 47, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957); DeWitt v. Pail, 366 F.2d 682, 685 (9th Cir. 1966); Marshall v. Sawyer, 301 F. 2d 639, 647 (9th Cir. 1962).

Plaintiff here has alleged two causes of action in his complaint. First, that his employment was terminated because he exercised his right of free speech as guaranteed by the First and Fourteenth Amendments to the Constitution of the United States, thereby being deprived of certain rights, privileges, and immunities as secured by the Constitution. Further plaintiff states that his dismissal was effected by the defendants while acting under color of Alaska Stat. § 39.25.020 (1970), Alaska Stat. 14.40.170 (1970), and Alaska Stat. 14.40.220 (1971).

Secondly, plaintiff alleges he was not afforded a proper hearing upon termination of employment, that he was not afforded an adversary hearing, that he was not given any reason for his discharge, and that he was not furnished with ascertainable standards for his employment. Plaintiff charges that he was therefore deprived of his rights, privileges, and immunities as secured by the Constitution and due process of law and due protection of the law as set forth in the Fourteenth Amendment to the United States Constitution. Plaintiff states that these acts were done by defendants under color of Alaska Stat. § 39.25.020 (1970), Alaska Stat. 14.40.170 (1971), and Alaska Stat. 14.40.220 (1971).

The Court must examine each of these causes of action in light of the basic requirements set forth in 42 U.S.C. § 1983.

As to plaintiff's first claim, defendants charge that the complaint asserts no guaranteed right, privilege, or immunity denied to plaintiff by his dismissal and which is afforded protection by the

Constitution of the United States. Defendants maintain that the general rule that no person, including a school teacher, has a Constitutional right to public employment is determinative here. Parker v. Board of Education, 237 F.Supp. 222, 227 (D.Md.1965), aff'd 348 F.2d 464 (4th Cir. 1965), cert. denied, 382 U. S. 1030, 86 S.Ct. 653, 15 L.Ed.2d 543 (1966), rehearing denied, 383 U.S. 939, 86 S.Ct. 1071, 15 L.Ed.2d 857 (1966).

Defendants' contention that no right to public employment exists and therefore there exists no right to a continuing contract, has been soundly rejected, however. In Slochower v. Board of Higher Education, 350 U.S. 551, 555, 76 S.Ct. 637, 639, 100 L.Ed. 692 (1956), the Supreme Court remarked, "To state that a person does not have a constitutional right to government employment is only to say that he must comply with reasonable, lawful, and nondiscriminatory terms laid down by the proper authorities." Further, in Keyishian v. Board of Regents, 385 U.S. 589, 605–606, 87 S. Ct. 675, 685, 17 L.Ed.2d 629 (1967), the Supreme Court stated, "[T]he Court of Appeals for the Second Circuit, 345 F.2d 236 correctly said in an earlier stage of this case, ' . . . the theory that public employment which may be denied altogether may be subjected to any conditions, regardless of how unreasonable, has been uniformly rejected.' " And finally in Pickering v. Board of Education, 391 U.S. 563, 568, 88 S.Ct. 1731, 1734, 20 L.Ed.2d 811 (1968), the Supreme Court reiterated its position, stating "[t]o the extent that the Illinois Supreme Court's opinion may be read to suggest that teachers may constitutionally be compelled to relinquish the First Amendment rights they would otherwise enjoy as citizens to comment on matters of public interest in connection with the operation of the public schools in which they work, it proceeds on a premise that has been unequivocally rejected in numerous prior decisions of this Court. E. g., Wieman v. Updegraff, 344 U.S. 183, 73 S.Ct. 215, 97 L.Ed. 216 (1952); Shelton v. Tucker, 364 U.S. 479, 81 S.Ct. 247 [5 L.Ed.2d 231] (1960); Keyishian v. Board of Regents, 395 U.S. 589, 87 S.Ct. 675 (1967)."

Indeed, in conformity with the noted case authority, a teacher's employment cannot be terminated because of exercise of a protected constitutional right.

Defendants urge, however, that plaintiff had no tenure with the University of Alaska, as he was employed upon a year-to-year basis. Defendants state that they were exercising their lawful discretionary power in declining to offer a new contract to plaintiff. Plaintiff's former contract contained no condition that future contracts automatically would be renewed or that there was a guarantee of continued employment. All arrangements between plaintiff and defendants were on a year-to-year basis. Plaintiff had no tenure privileges.

This appeared to be a determinative factor in Jones v. Hopper, 410 F.2d 1323 (10th Cir. 1969), cert. denied, 397 U.S. 991, 90 S.Ct. 1111, 25 L.Ed.2d 399 (1970); Freeman v. Gould Special School Dist., 405 F.2d 1153 (8th Cir. 1969), cert. denied, 396 U.S. 843, 90 S. Ct. 61, 24 L.Ed.2d 93 (1969); Parker v. Board of Education, 237 F.Supp. 222 (D.Md.1965), aff'd 348 F.2d 464 (4th Cir. 1968), cert. denied, 382 U.S. 1030, 86 S.Ct. 653, 15 L.Ed.2d 543 (1966), rehearing denied, 383 U.S. 939, 86 S.Ct. 1071, 15 L.Ed.2d 857 (1966).

The majority of courts hold, however, that a teacher cannot be dismissed from public employment because of exercise of his constitutional privileges. Pred v. Board of Public Instruction, 415 F.2d 851 (5th Cir. 1969); Johnson v. Branch, 364 F.2d 177 (4th Cir. 1966), cert. denied, 385 U.S. 1003, 87 S.Ct. 706, 17 L. Ed.2d 542 (1967); McLaughlin v. Tilendis, 398 F.2d 287 (7th Cir. 1968).

In *Pred* the plaintiffs charged that the school authorities had declined to renew their employment contracts because plaintiffs had exercised their First Amendment Rights of free speech and association. Plaintiffs did not have ten-

ure. The district court dismissed for failure to state a claim upon which relief can be granted. The Circuit Court, however, reversed, stating:

"Equally unpersuasive is the related argument that since there is no constitutional right to public employment, school officials only allowed these teachers' contracts to expire, and thus they cannot be liable for a violation of any rights protected by § 1983. But in the posture of this case this misconceives the whole thrust of their claim. The right sought to be vindicated is not a contractual one, nor could it be since no *right* to reemployment existed. What is at stake is the vindication of constitutional rights— the right not to be punished by the State or to suffer retaliation at its hand because a public employee persists in the exercise of First Amendment rights." 415 F.2d at 856.

*See also,* Sindermann v. Perry, 430 F.2d 939 (5th Cir. 1970); Lucia v. Duggan, 303 F.Supp. 112 (D.Mass.1969); Albaum v. Carey, 283 F.Supp. 3 (E.D.N.Y.1968); Birnbaum v. Trussell, 371 F.2d 672 (2d Cir. 1966).

Plaintiff here has asserted violations of his First Amendment right of free speech. He has alleged that his employment contract was terminated because of statements made and certain ideas which he held which were in disagreement with certain concepts of the University's English Department. He has also alleged that there existed at the University of Alaska express and implied regulations and standards of practice governing non-tenured employees which created a reasonable expectation of reemployment. Plaintiff's proof of these allegations, if any, must wait until trial or adequate discovery makes final determination possible. However, at this time, plaintiff's first cause of action has alleged under 42 U.S.C. § 1983 a claim upon which relief can be granted.

■ In plaintiff's second cause of action he alleges that he was discharged in violation of his procedural due process

rights contrary to the requirements of the Fourteenth Amendment. The defendants allege that due process was met in this case, and contend that an adequate hearing was afforded plaintiff.

No reasons, however, were given at any time to plaintiff for the termination of his employment, nor was he advised of the names of witnesses who testified before any tribunal or administrative officer. Plaintiff has never been afforded a hearing with the right to confront and cross-examine adverse witnesses.

In Lucas v. Chapman, 430 F.2d 945, 948 (5th Cir. 1970), the Court held that a school board is not required to conduct a hearing, when the only matters at issue are nonconstitutional differences of view between the school board and the teacher. However, the Court stated that if the board asserted a nonconstitutional reason and the teacher in his complaint stated that such reason was only a sham, that the real reason was one which infringed upon his constitutional rights, then procedural due process requirements must be met. See Sindermann v. Perry, 430 F.2d 939, 944 (5th Cir. 1970); Ferguson v. Thomas, 430 F.2d 852 (5th Cir. 1970); Orr v. Trinter, 318 F.Supp. 1041 (S.D.Ohio 1970).

It is clear that certain administrative appeals were allowed plaintiff after notification of his termination. It may be that these appeals did not satisfy plaintiff's procedural due process rights. Plaintiff's second cause for relief states a claim upon which relief can be granted, and cannot at this time be dismissed.

Therefore it is ordered:

That defendants' motion to dismiss for failure to state a claim upon which relief can be granted is hereby denied.

### 3. MOTION FOR MORE DEFINITE STATEMENT

■ Defendants move for an order directing plaintiff to file a more definite statement under Rule 12(e) of the Federal Rules of Civil Procedure. Defendants urge that plaintiff's complaint does not assert specific facts relating to his allegation that he was dismissed from

his position at the University of Alaska because he exercised his constitutionally guaranteed right of free speech.

Plaintiff has filed a more definite statement with this Court. In that statement he has asserted that his employment was terminated because he expressed ideas which were in conflict with certain concepts of the head of the English Department. Plaintiff states that it is impossible for him at this time to allege all incidents with certainty as the defendants have remained silent as to any reason for his termination. Further plaintiff says that when all facts are elicited from the defendants through discovery he will amend his complaint to conform to the proof.

Therefore, it is ordered:

That defendants' motion for a more definite statement under Rule 12(e) is denied.

## 4. MOTION FOR AN EXTENSION OF TIME

Plaintiff has filed a motion for summary judgment. Defendants have moved for an extension of time in which to respond to plaintiff's motion for summary judgment. Defendants state that they need additional time so that they can make proper discovery in order to refute plaintiff's motion.

Therefore,

It is ordered:

1) That defendants' motion for an extension of time to respond to plaintiff's motion for summary judgment is granted.

2) That defendants shall have 45 days from the date of this order to respond to said motion.

## 5. MOTION TO DISMISS BOARD OF REGENTS AS INDIVIDUALS

█ Defendants, William A. O'Neill, Robert E. McFarland, Vide Bartlett, Hugh B. Fate, Jr., James Nolan, A. D. Robertson, Edith Bullock, and Brian Brundin, all Regents, move the Court to dismiss them as individuals from this action.

These defendants assert that this Court cannot obtain jurisdiction over them as individuals since the complaint alleges no individual culpability on the part of any of the members of the Board. Abel v. Gousha, 313 F.Supp. 1030, 1031 (E.D.Wis.1970). Plaintiff points out, however, that it has been held that where the board of trustees and the president were alleged wrongfully to have dismissed plaintiff in violation of the Constitution and deprived him of his Constitutional rights as guaranteed by the First and Fourteenth Amendments, that defendants were in effect divested of their official capacity as agents of the State. Board of Trustees of Arkansas A. & M. College v. Davis, 396 F.2d 730, 733 (8th Cir. 1968).

Although plaintiff in his complaint does charge the members of the Board as individuals, the gravamen of his complaint is against the Board as a body corporate. Plaintiff alleges that the Regents as a body allowed the termination of his employment at the University of Alaska. Plaintiff alleges no individual culpability, nor does he assert any claim that the Board members as individuals violated his Constitutional rights. Thus, the complaint will be dismissed as to the members of the Board individually.

Therefore, it is ordered:

That the motion of defendants William A. O'Neill, Robert E. McFarland, Vide Bartlett, Hugh B. Fate, Jr., James Noland, A. D. Robertson, Edith Bullock, and Brian Brundin to be dismissed as individual defendants is granted.

## 6. MOTION TO STRIKE

Plaintiff moves this Court to strike the motion to dismiss the Board of Regents as individuals. The motion to dismiss has been granted by this Court.

Therefore, it is ordered:

That plaintiff's motion to strike is denied as being now moot.

## 7. MOTION FOR PRE-TRIAL CONFERENCE

█ Plaintiff moves this Court for a pre-trial conference. Defendants have not opposed said motion.

However, since discovery is not complete at this time, the Court finds the motion for pre-trial conference to be premature. Any party may move for preliminary pre-trial at any time.

Therefore, it is ordered:

That the motion for pre-trial conference is denied without prejudice.