James M. ANTHONY, Plaintiff,

v.

Harlan CLEVELAND, Individually and as President of the University of Hawaii, et al., Defendants.

Civ. No. 72–3656.

United States District Court, D. Hawaii.

Feb. 28, 1973.

James Blanchfield, Hart, Sherwood, Leavitt, Blanchfield & Hall, Honolulu, Hawaii, for plaintiff.

Robert P. Jaress, Deputy Atty. Gen., Bert T. Kanbara, Atty. Gen., State of Hawaii, Honolulu, Hawaii, for defendants.

## ORDER GRANTING MOTION TO DISMISS

SAMUEL P. KING, District Judge.

Plaintiff asserts claims under 42 U.S.C. § 1983 [1] for damages and injunctive relief against the University of Hawaii and certain of its officers and agents. The University moves to dismiss on the grounds that under the Ninth Circuit's interpretation of Monroe v. Pape, 365 U.S. 167, 81 S.Ct. 473, 5 L. Ed.2d 492 (1961), it is not a "person" against whom § 1983 actions may be maintained. I am of the opinion that the University's position is correct. In so ruling, I am aware that my distin-

[1]. 42 U.S.C. § 1983 reads as follows:

Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

guished brother, Judge Von Der Heydt, has recently taken a contrary view in Wolfe v. O'Neill, 336 F.Supp. 1255 (D. Alaska 1972), where he held that the University of Alaska is a "person" for purposes of equitable relief pursuant to § 1983.

In Monroe v. Pape, *supra*, the victims of alleged police misconduct brought a § 1983 action for damages against 13 police officers and their municipal employer, the City of Chicago. While holding that the complaint stated a cause of action against the police officers, the Supreme Court dismissed the action against the City. Writing for the Court, Justice Douglas held that a municipal corporation is not a "person" within the meaning of § 1983. 365 U.S. at 187–192, 81 S.Ct. 473. Although this decision has been severely criticized,[2] it has not been overruled.

■ The Ninth Circuit has extended the *Monroe* holding to the states in Sires v. Cole, 320 F.2d 877, 879 (9th Cir. 1963), and Williford v. California, 352 F.2d 474, 476 (9th Cir. 1965), reasoning in the latter case that "[a] municipal corporation is but a political subdivision of [the] state, and if a state's political subdivisions are not 'person' under the statute [42 U.S.C. § 1983], then neither is the state." Likewise, state agencies "which are but arms of the state government," are endowed with immunity coextensive with that of the state. Allison v. California Adult Authority, 419 F.2d 822, 823 (9th Cir. 1969). See also, Bennett v. California, 406 F.2d 36, 39 (9th Cir. 1969); Clark v. Washington, 366 F.2d 678, 681 (9th Cir. 1966).

Plaintiff's first argument in opposition to the Motion to Dismiss is not entirely clear. His position is apparently (1) that the University is not an agency of the state, relying principally upon Haw.Atty.Gen.Op. No. 61–84 (August 18, 1961), or (2) that while it may be an agency for most purposes, the University is sufficiently independent of the state that for purposes of § 1983 it is subject to suit.

■ With respect to the first contention, it is clear that the University of Hawaii is an agency of the state.[3] Plaintiff's reliance on seemingly contrary language in Atty.Gen.Op. No. 61–84, *supra*, is misplaced. See Plaintiff's Memorandum of Points and Authorities in Opposition to Defendants Motion to Dismiss, p. 4. That Opinion deals only with the narrow question whether Hawaii's residency requirement for heads of executive agencies, Haw.Const. art. IV, § 6 (1959), is applicable to the appointment of the president of the University by the Board of Regents.[4] Indeed, in the second paragraph it is unequivocally stated that the University is a state agency:

The problem involves the status of the University of Hawaii under the Constitution. *That the University is an agency of the State government admits of no argument.* The real question is whether the University is a department or instrumentality within the executive branch of government or whether it is an agency separate and independent of the executive branch. Haw.Atty.Gen.Op. No. 61–84, *supra* at 1. (Emphasis added).

Likewise, I find no merit in Plaintiff's assertion that the University is an agency of such independent status that it is amenable to a § 1983 action. In Whitner v. Davis, 410 F.2d 24, 29–30 (9th Cir. 1969), it was held that the Central Washington State College was a state agency and thus not a "person" under the civil rights statutes. Under Wash-

2. See, e. g. Kates and Kouba, "Liability of Public Entities Under Section 1983 of the Civil Rights Act" 45 So.Cal.L.Rev. 131 (1972); Note, "Developing Liability Under 42 U.S.C. § 1983," 55 Minn.L.Rev. 1201 (1971); Comment, "Injunctive Relief Against Municipalities Under Section 1983," 119 U.Pa.L.Rev. 389 (1970).

3. See Haw.Const. art. IX, §§ 4 and 5 (1959).

4. The section was amended in 1968 to specifically except the president of the University from the residence requirement. See Haw.Const. art. IV, § 6 (1968).

ington law, the powers and authority of that college are not significantly different from those possessed by the University of Hawaii.[5] Moreover, section 304–6 of the Haw.Rev.Stat. (1968) provides, in pertinent part, that:

> The university may sue and be sued in its corporate name: *however, it shall be subject to suit only in the manner provided for suits against the State, and any liability incurred by the university in such a suit shall be the liability of the State.* (Emphasis added).

Thus if the Plaintiff is successful in this suit, the state will have to pay his judgment and the result is the same as suing the state—a result foreclosed by Sires v. Cole, *supra,* and Williford v. California, *supra.* See Henschel v. Worcester Police Department, 445 F.2d 624 (1st Cir. 1971).[6]

Plaintiff's next argument is that even if the University is not a "person" for the purpose of awarding damages under § 1983, it is for the purpose of granting equitable relief. This distinction as to the type of relief sought is the basis of Judge Von Der Heydt's decision in Wolfe v. O'Neill, *supra,* 336 F.Supp. at 1258–1259,[7] and was first adopted by the Seventh Circuit in Adams v. City of Park Ridge, 293 F.2d 585, 587 (7th Cir. 1961):

> We are aware that it was said in Monroe v. Pape . . . that a city is not within the ambit of § 1983. However, in that case only damages were

sought and were held recoverable from the individual defendants, who were police officers of a city. The facts in Monroe v. Pape suggests [sic] several inherent reasons for excluding municipalities from liability for damages, such as unauthorized misconduct of the officers, lack of power of city to indemnify plaintiffs for such misconduct, and a city's governmental immunity in the exercise of its police powers, from liability for injuries inflicted by policemen in the performance of their duties. However, the case at bar is not an action for damages for torts committed. It looks to the future only and asks for a declaratory judgment and an injunction against invasions of plaintiffs' federal constitutional rights contemplated by a municipality's ordinance. None of the reasons which support a city's immunity from an action for damages for tortious injuries already inflicted by its officers, agents or servants applies to this case. No reason is apparent why a city and its officials should not be restrained from prospectively violating plaintiffs' constitutional rights pursuant to its own legislative enactment, and an injunction not be granted as provided in § 1983.

See also, Schnell v. City of Chicago, 407 F.2d 1084, 1086 (7th Cir. 1969); Lee v. Board of Regents of State Colleges, 441 F.2d 1257, 1260 (7th Cir. 1971). The same result has been reached by the Fourth, Fifth and Tenth Circuits.[8]

---

5. Compare, Rev.Code Wash.Anno. §§ 28B.-10.015–28B.10.824 and 28B.40.010–28B.-40.830 (1970); with Haw.Rev.Stat. § 304–1 et seq. (1968).

6. Though not cited by Plaintiff, Wolfe v. O'Neill, *supra,* 336 F.Supp. at 1259 n. 1, provides some support for his assertion. Judge Von Der Heydt seems to base his decision, in part, on the fact that the University of Alaska is a "corporation which can sue and be sued in its own name," citing Porcelli v. Titus, 302 F.Supp. 726, 730 (D.N.J.1969). The *Porcelli* court, however, does not discuss why these incidents of corporate power made the board of education there con-

sidered subject to suit under section 1983. Instead, it relied exclusively on School Board of City of Charlottesville v. Allen, 240 F.2d 59 (4th Cir. 1956), which was decided five years before *Monroe* and does not touch upon the issues which were decisive in that decision. Accordingly, in my opinion Whitner v. Davis, *supra,* is a sounder precedent and controlling in this case.

7. Unlike the case at bar, the plaintiff in *Wolfe* sought *only* equitable relief.

8. Garren v. City of Winston-Salem, 439 F.2d 140, 141 (4th Cir. 1971); Harkless v. Sweeny Independent School District, 427 F.2d 319, 321–323 (5th Cir. 1970);

The Ninth Circuit, however, has never drawn any distinction between damage and equity actions under § 1983. In Diamond v. Pitchess, 411 F.2d 565, 567 (9th Cir. 1969), an action for damages and injunction, the complaint was dismissed against the State of California and the County of Los Angeles because "[n]either of these government entities is a 'person' within the meaning of the Civil Rights Act." Accord, Allison v. California Adult Authority, 419 F.2d 822, 823 (9th Cir. 1969). And in Olson v. California Adult Authority, 423 F.2d 1326 (9th Cir. 1970), in what appears to have been a purely equitable action, the Court treated a suit by a state prisoner alleging that the rules of the Authority governing hearings before the Parole Board denied him due process as one under the civil rights statutes and held that the Authority is not a "person". Finally, none of the § 1983 cases decided by the Ninth Circuit display any inclination to interpret narrowly the holding in Monroe. See, e. g. Moor v. Madigan, 458 F.2d 1217, 1218–1220 (9th Cir. 1972).

Because the Supreme Court resolved the issue of municipal liability through a definition of the statutory term "person," it is logically consistent to interpret Monroe as prohibiting any action whatsoever against municipal bodies. A municipality not a "person" in a damage suit does not become a "person" when the action is equitable under the same statute.[9] Indeed, this would seem to be the thrust of footnote 50 of Justice Douglas's opinion:

> In a few cases in which equitable relief has been sought, a municipality has been named, along with city officials, as defendant where violations of 42 U.S.C. § 1983 were alleged. . . . The question dealt with in our opinion was not raised in those cases, either by the parties or by the Court. *Since we hold that a municipal corporation is not a "person" within the meaning of § 1983, no inference to the contrary can any longer be drawn from those cases.* 365 U.S. at 191, 81 S.Ct. at 486. (Emphasis added).

See Deane Hill Country Club, Inc. v. City of Knoxville, 379 F.2d 321, 323–324 (6th Cir. 1967). Contra, Dailey v. City of Lawton, 425 F.2d 1037, 1038 (10th Cir. 1970); Harkless v. Sweeny Independent School District, 427 F.2d 319, 321–323 (5th Cir. 1970).

At least one Supreme Court case decided since Monroe may cast doubt on this interpretation. In Turner v. City of Memphis, 369 U.S. 350, 82 S.Ct. 805, 7 L.Ed.2d 762 (1962), a per curiam decision decided only one year after Monroe, the Court remanded the case to the district court with directions to enter a decree granting appropriate injunctive relief against the city.[10] The opinion noted briefly that the action had been initiated under § 1983, but did not discuss or cite Monroe.

---

Dailey v. City of Lawton, 425 F.2d 1037, 1038–1039 (10th Cir. 1970).

9. See Comment, "Injunctive Relief Against Municipalities Under Section 1983," 119 U.Pa.L.Rev. 389, 393 (1970).

10. Tinker v. Des Moines Community School District, 393 U.S. 503, 89 S.Ct. 733, 21 L.Ed.2d 731 (1969); Board of Regents of State Colleges v. Roth, 408 U.S. 564, 92 S.Ct. 2701, 33 L.Ed.2d 548 (decided June 29, 1972) and Perry v. Sindermann, 408 U.S. 593, 92 S.Ct. 2694, 33 L.Ed.2d 570 (decided June 29, 1972) have all been cited for the same proposition, but are distinguishable. From what appears in the opinion, *Sindermann* had no governmental entities as parties. Petitioners were "members of the Board of Regents and the president of the college." 92 S.Ct. at 2696. In *Tinker*, the school district was a party to the action, but injunctive relief was sought only against the respondent school officials and members of the board of directors of the district. 393 U.S. at 504, 89 S.Ct. 733. And in *Roth*, the Court ruled against Roth on other grounds so that a decision on the applicability of *Monroe* was unnecessary. (The issue was raised at the district court level and Judge Doyle held that the Board was a "person," following the Seventh Circuit's rule in injunctive actions. See Roth v. Board of Regents of State Colleges, 310 F.Supp. 972 (W.D. Wis.1970)).

Because it seems clear that the implications of *Monroe* were never raised by either the parties or the Court, I do not believe that *Turner* can be relied upon as authority to overrule this Circuit's holdings in Diamond v. Pitchess, *supra*; Allison v. California Adult Authority, *supra*; and Olson v. California Adult Authority, *supra*. Accordingly, I reject Plaintiff's assertion that actions for injunctive relief are exempt from the rule laid down in *Monroe*.

In his final argument, Plaintiff contends that he can join his breach of contract claim against the University with his § 1983 action against the University officials under the doctrine of pendent jurisdiction. While four circuits have interpreted the Supreme Court's decision in United Mine Workers v. Gibbs, 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966), to uphold pendent jurisdiction claims even though they include "extra" non-federal plaintiffs or defendants,[11] the Ninth Circuit has taken a contrary position. In Hymer v. Chai, 407 F.2d 136, 137–138 (9th Cir. 1969), the court rejected any liberalization of the doctrine and held that pendent jurisdiction is available only to join claims, not parties. This decision was reaffirmed in Moor v. Madigan, 458 F. 2d 1217, 1220–1221 (9th Cir. 1972), where appellants made the same contention advanced by Plaintiff here. Thus it is well settled that in the Ninth Circuit a § 1983 action against state agency employees will not permit a federal court to join the agency itself as a party solely on the basis of the pendent state claims.[12]

Accordingly, Defendant University of Hawaii's Motion to Dismiss is granted.

It is so ordered.

11. Wilson v. American Chain and Cable Co., 364 F.2d 558 (3rd Cir. 1966); Jacobson v. Atlantic City Hospital, 392 F.2d 149 (3rd Cir. 1968); Stone v. Stone, 405 F.2d 94 (4th Cir. 1968); Connecticut General Life Ins. Co. v. Craton, 405 F.2d 41 (5th Cir. 1968); Hatridge v. Aetna Cas. & Sur. Co., 415 F.2d 809 (8th Cir. 1969).

12. See also, Patrum v. City of Greensburg, 419 F.2d 1300 (6th Cir. 1969) (No pendent jurisdiction over state claims against City in § 1983 action against one of its policemen); Wojtas v. Village of Niles, 334 F.2d 797 (7th Cir. 1964) (Same).