JOHN GREXA, PLAINTIFF-APPELLANT v. STATE OF NEW JERSEY, DEPARTMENT OF HUMAN SERVICES; STATE OF NEW JERSEY DIVISION OF YOUTH AND FAMILY SERVICES; ANN KLEIN, COMMISSIONER OF THE DEPARTMENT OF HUMAN SERVICES, AND INDIVIDUALLY; DAVID EINHORN, DEPUTY COMMISSIONER OF THE DEPARTMENT OF HUMAN SERVICES, AND INDIVIDUALLY; ANTHONY P. SANTANGELO, COMPTROLLER OF THE DEPARTMENT OF HUMAN SERVICES, AND INDIVIDUALLY, DEFENDANTS-RESPONDENTS.

Superior Court of New Jersey
Appellate Division

Argued October 23, 1978—Decided November 15, 1978.

Before Judges FRITZ, BISCHOFF and MORGAN.

*Mr. Gerald Goldman* argued the cause for appellant (*Messrs. Goldman, Carlet, Garrison, Bertoni & Bitterman,* attorneys).

*Ms. Erminie L. Conley,* Deputy Attorney General, argued the cause for respondents *(Mr. John J. Degnan,* Attorney General of New Jersey, attorney; *Ms. Paulette M. Sapp,* Deputy Attorney General, on the brief).

PER CURIAM. This appeal involves consideration of due process requirements incident to the discharge of a public employee serving at will.

On July 12, 1976 plaintiff John Grexa was provisionally appointed to the position of "Administrator, Fiscal and Management Operations" in the Division of Youth and Family Services, Department of Human Services (hereafter DYFS), pending an open competitive Civil Service examination. He was paid an annual salary in excess of $30,000. As Administrator, plaintiff was the chief fiscal officer for DYFS, an agency with a yearly budget in excess of $160,000,000.

On April 12, 1977 plaintiff was summoned to the office of his superior and interrogated concerning (1) his use of DYFS secretarial services to type a personal letter in which plaintiff was negotiating with Computer Science Corp. concerning its promotional use of an article previously written by plaintiff and his possible engagement as a consultant on a retainer of $25,000 a year, and (2) the charging of certain telephone calls to the DYFS telephone number made by plaintiff to Computer Science Corp.

Plaintiff refused to answer the inquiries directed to him, and his employment was thereupon terminated. He never received a written explanation specifying the reasons for his discharge. Plaintiff's requests for a hearing to consider "the circumstances and consequences of his dismissal" were denied.

On October 27, 1977 plaintiff filed a complaint in lieu of prerogative writs in the Superior Court seeking, among other relief, reinstatement, back pay and damages for his alleged wrongful discharge. Count 1 of the complaint alleged that his discharge was wrongful, and it was, on defendant's motion to dismiss, transferred to this court. Count 5 of the complaint alleged a violation of his right to freedom of speech under the First Amendment to the U. S. Constitution. This was construed by the trial judge as alleging a violation of plaintiff's civil rights under 42 *U. S. C. A.* § 1983[1] and was dismissed as against the State of New Jersey because it was not a "person" within the meaning of the act. Leave to appeal that dismissal was granted and the two appeals were consolidated.

[1] 42 *U. S. C. A.* § 1983 provides:

Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

Respondent contends that the appeal should be dismissed as untimely. This argument proceeds on the theory that the only review of an administrative action of dismissal is by way of appeal to the Appellate Division within 45 days of the administrative action. *R.* 2:2–3(a) ; *R.* 2:4–1(b). Plaintiff counters with the contention that since his suit involves a claim of constitutional defect in an agency action, it is exempt from the 45-day limit. *McKenna v. N. J. Highway Auth.,* 19 *N. J.* 270, 276 (1955) ; *Nelson v. South Brunswick Planning Bd.,* 84 *N. J. Super.* 265, 275 (App. Div. 1964).

We pass this procedural question without expressing any opinion on it and elect to dispose of the issues presented on the merits.

Plaintiff first contends he "was deprived of his constitutional rights to due process of law (liberty) when the State of New Jersey failed to give him a post-termination hearing." It is undisputed that plaintiff was a temporary employee without fixed term with DYFS, unprotected by Civil Service or by any statutory tenure, contractual commitment or collective negotiations. In such circumstances the employer, even though a public employer, has the right to discharge such employee with or without cause. *Nicoletta v. North Jersey Dist. Water Supply,* 77 *N. J.* 145, 150 (1978) ; *English v. College of Medicine and Dentistry,* 73 *N. J.* 20, 23 (1977) ; *Williams v. Civil Service Comm'n,* 124 *N. J. Super.* 444 (App. Div. 1973), aff'd 66 *N. J.* 152 (1974) ; *Board of Regents v. Roth,* 408 *U. S.* 564, 92 *S. Ct.* 2701, 33 *L. Ed.* 2d 548 (1972). It follows that no property interest is implicated such as to invoke the due process shield. *Nicoletta v. North Jersey Dist. Water Supply, supra* 77 *N. J.* at 154; *Board of Regents v. Roth, supra.*

Plaintiff recognizes this principle but contends the failure to give him a post-termination hearing deprived him of his liberty under the Due Process Clause. Specifically, he contends the adverse publicity which accompanied his termination, as well as the abrupt nature of the dismissal itself, imposed disabilities which precluded him from obtain-

ing employment. The record does not support either of these contentions.

■ As to the first, respondent's only response to press inquiries concerning plaintiff's dismissal consisted of a press release which stated plaintiff was discharged "[d]ue to activities unrelated to his employment with DYFS, but which reflected on his capacity to be Chief Fiscal Officer of that agency."

If the press, by investigation, discovered facts which reflected adversely upon plaintiff and elected to publish them, that cannot create a duty upon respondent to grant plaintiff a hearing to clear his name. Respondent was not responsible for any publicity reflecting adversely upon plaintiff and, accordingly, had no duty with respect thereto. *Cf. Williams v. Civil Service Comm'n, supra.*

■ If the circumstances attendant upon a discharge are such as to foreclose the employee from future employment by the State, a protected liberty interest within the meaning of the Fourteenth Amendment is affected. *Nicoletta v. North Jersey Dist. Water Supply, supra* at 160. However, existing administrative regulations, *N. J. A. C.* 4:1–8.14(b)(6), as amended 10 *N. J. R.* 371, provide that a prospective employee may be debarred from public employment if the prospective employee "has been dismissed from the public service for delinquency or misconduct *after an opportunity for a hearing.*" (Emphasis supplied).

■ We hold that the meeting plaintiff had with his supervisor on April 12, 1977, when he was confronted with the charges concerning his use of State funds for his personal benefit, cannot be considered a hearing within the meaning of this regulation.

Plaintiff suffered no deprivation of liberty in either of the respects alleged.

■ It is a well-settled restraint upon the public employer's right to terminate an employee serving at will that such termination cannot be solely predicated upon the exercise of a constitutional right, particularly the First

Amendment right of freedom of speech. *Nicoletta v. North Jersey Dist. Water Supply, supra* at 155; *Perry v. Sindermann,* 408 *U. S.* 593, 598, 92 *S. Ct.* 2694, 33 *L. Ed.* 2d 570 (1972); *Pickering v. Board of Education,* 391 *U. S.* 563, 574–575, 88 *S. Ct.* 1731, 20 *L. Ed.* 2d 811 (1968); *Endress v. Brookdale Community College,* 144 *N. J. Super.* 109, 130 (App. Div. 1976); *Katz v. Gloucester Cty. College Bd. of Trustees,* 125 *N. J. Super.* 248, 250 (App. Div. 1973). However, a "bare assertion or generalized allegation of infringement of a constitutional right" does not create a claim of constitutional dimension. *Winston v. South Plainfield Bd. of Ed.,* 125 *N. J. Super.* 131, 144 (App. Div. 1973), aff'd 64 *N. J.* 582 (1974). A hearing is required where

* * * the employee alleges that the agency's failure to renew his employment contract resulted from certain activities by him, which activities are within the area protected by the State or Federal Constitutions, or both, and the employee has made some showing that the activities were such that they may have been a significant element in the decision of the agency not to renew or not to retain * * *. [*Katz v. Gloucester Cty. College Bd. of Trustees, supra* 125 *N. J. Super.* at 250]

Plaintiff here has failed to make any showing that any of his constitutionally protected activities were a significant element in his discharge, relying instead upon bare allegations of an infringement of his constitutional rights.

 Finally, plaintiff asserts that the violation of his constitutional right to a post-termination hearing entitled him to equitable relief against the State for its violation of 42 *U. S. C. A.* § 1983. Plaintiff concedes he cannot sue the State for damages but alleges he is entitled to equitable relief against the State and urges that appropriate equitable relief would be an award equal to the back pay lost during the seven months immediately following his discharge, during which period he was unable to obtain employment. In support of this position, he cites *Wolfe v. O'Neill,* 336 *F. Supp.* 1255 (D. Alaska 1972), and *Owen v. City of Independence, Mo.,* 560 *F.* 2d 925 (8 Cir. 1977).

Plaintiff does not contend his termination was motivated by malice or lack of good faith. Indeed, such a contention could not be seriously advanced in light of plaintiff's admitted use of state funds for his personal use. In *Nicoletta v. North Jersey Dist. Water Supply,* the Supreme Court said:

> * * * We recognize that we are not dealing here with a § 1983 case, but even if we were, the basis for such a damage remedy would not exist. We are not aware of any precedent in New Jersey law (except *Williams, supra,* a comparatively recent decision) linking the termination of a public employment which is terminable at will with the need for procedural due process in the form of notice and hearing. This according to the course of the common law restated by our Court as recently as in *English, supra.* The notice deficiency in Nicoletta's due process right could hardly, therefore, be said to meet the scienter norms of *Carey, supra.* [77 *N. J.* at 167]

Since no known or duly established due process rights of temporary employees were violated and there is no contention of the existence of the "scienter norms of" *Cary v. Piphus,* 435 *U. S.* 247, 251, n. 6, 98 *S. Ct.* 1042, 1046, 55 *L. Ed.* 2d 252 (1978), plaintiff has failed to establish the basic facts necessary to obtain relief for an alleged violation of 42 *U. S. C. A.* § 1983.

The actions of the Department of Human Services in terminating plaintiff's employment and in denying his request for a hearing are affirmed. The judgment entered in the Law Division dismissing the fifth count of plaintiff's complaint is affirmed.