**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

ZANE HUBBARD,

             Plaintiff - Appellant,

    v.

CALIFORNIA DEPARTMENT OF
CORRECTIONS AND
REHABILITATION; et al.,

             Defendants - Appellees.

No. 13-16814

D.C. No. 1:13-cv-00761-MJS

MEMORANDUM[*]

Appeal from the United States District Court
for the Eastern District of California
Michael J. Seng, Magistrate Judge, Presiding[**]

Submitted September 23, 2014[***]

Before:    W. FLETCHER, RAWLINSON, and CHRISTEN, Circuit Judges.

    Zane Hubbard, a California state prisoner, appeals pro se from the district

---

    [*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

    [**]    Hubbard consented to proceed before a magistrate judge. *See* 28 U.S.C. § 636(c).

    [***]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

court's judgment dismissing his 42 U.S.C. § 1983 action alleging constitutional violations. We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000) (dismissal under 28 U.S.C. § 1915A); *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) (order) (dismissal under 28 U.S.C. § 1915(e)(2)). We may affirm on any ground supported by the record, *Thompson v. Paul*, 547 F.3d 1055, 1058-59 (9th Cir. 2008), and we affirm.

The district court properly dismissed Hubbard's claims against the California Department of Corrections and Rehabilitation ("CDCR"), Pleasant Valley State Prison, and Wasco State Prison as barred by the Eleventh Amendment. *See Krainski v. Nev. ex. rel. Bd. of Regents of Nev. Sys. of Higher Educ.*, 616 F.3d 963, 967 (9th Cir. 2010) ("The Eleventh Amendment bars suits against the State or its agencies[.]" (citation and internal quotation marks omitted)); *Brown v. Cal. Dep't of Corr.*, 554 F.3d 747, 752 (9th Cir. 2009) (applying bar to suit against CDCR); *Allison v. Cal. Adult Auth.*, 419 F.2d 822, 823 (9th Cir. 1969) (applying bar to suit against state prison).

The district court properly dismissed Hubbard's claims against Memorial Hospital because Hubbard failed to allege facts sufficient to show that the hospital acted under color of state law. *See Chudacoff v. Univ. Med. Ctr. of S. Nev.*, 649

F.3d 1143, 1149-50 (9th Cir. 2011) (setting forth elements of § 1983 claim and describing instances in which a private actor's conduct constitutes state action).

To the extent that Hubbard alleged that the allegedly unconstitutional conditions at Mercy Hospital were dictated by a state agency, dismissal was proper because his claims were barred by the Eleventh Amendment. *See Florer v. Congregation Pidyon Shevuyim, N.A.*, 639 F.3d 916, 924 (9th Cir. 2011) ("[W]hen private individuals or groups are endowed by the State with powers or functions governmental in nature, they become agencies or instrumentalities of the State and subject to its constitutional limitations."). To the extent that Hubbard alleged that Mercy Hospital violated his constitutional rights by acting under color of state law though not at the dictation of a state agency, dismissal was proper because Hubbard failed to allege facts sufficient to show that any purported violation was caused by a hospital policy, regulation, official decision, or custom. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690-91 (1978) (explaining how a local government entity may be held liable under § 1983); *Tsao v. Desert Palace, Inc.*, 698 F.3d 1128, 1139 (9th Cir. 2012) ("[W]e see no basis in the reasoning underlying *Monell* to distinguish between municipalities and private entities acting under color of state law.").

**AFFIRMED.**